M. C. McCANN *et al.*, plaintiffs in error, *vs.* THOMPSON C. BROWN, defendant in error.

When partitioners, appointed by the Court to make partition of land, report that it cannot be equally divided, and recommend a sale of the land for division, it is the legal right of the defendant to *caveat* the return of the partitioners, and to introduce evidence to show that a fair and equitable division of the land can be made by metes and bounds without ordering a sale of the land for division.

Partition of land. Before Judge JOHNSON. Marion Superior Court. April Term, 1871.

Brown averred that he owned an undivided half, and Mrs. McCann and her children the other undivided half of a specified lot of land, and prayed the appointment of commissioners to partition it. Five persons were appointed "to lay off and divide the lot." On the 31st of August, 1870, three of them returned that they found the south half was worth $100 00 more than the north half, and therefore "assigned south half to Martha McCann, she paying fifty dollars, and north half to Thompson C. Brown." The Court ordered the commissioners to divide the land according to law, by

McCann *et al.*, *vs.* Brown.

metes and bounds, and make return to the next term of the Court. In April, 1871, three of them (two of this three being two of the three who made the first return) returned that "said land could not be equally divided between said parties agreeably to law," and recommended a sale of the land. Counsel for Mrs. McCann and children, traversed the return by averring that said land could be divided by metes and bounds without injury to the value of either half, and proposed to try that issue. The Court refused to hear any evidence, and ordered the land sold for a division of the proceeds. All this was done at the term to which this last return was made. This is assigned as error.

B. B. HINTON, for plaintiffs in error.

M. H. BEAUFORD, for defendant.

WARNER, Judge.

This was an application to the Superior Court for partition of lot of land number one hundred and seventy, in Marion county. The partitioners appointed by the Court to make partition of the land, reported to the Court that it could not be equally divided between the parties agreeable to law, and recommended a sale of the land for division, to which report of the partitioners, the defendant filed objections in writing, alleging that said land could be equitably divided between the parties by metes and bounds without injury to the value thereof. The Court, without hearing any evidence in regard to that question, ordered a sale of the land on the report of the partitioners, to which the defendant excepted. It was the legal right of the defendant to *caveat* the return of the partitioners, and the Court should have heard evidence as to whether a fair and equitable division of the land could have been made by metes and bounds, and if from that evidence offered by the parties in interest, it should be proved to the satisfaction of the Court that a fair and equitable division of

the land by metes and bounds could not be made, then to order a sale of the land : Code, sections 3925, 3927.

Judgment reversed.