JACOB KOEHLER

*v.*

CHRISTOPH KLEIN *et al.*

*Filed at Ottawa May 16, 1889.*

1. PARTITION—*commissioners' report—grounds of exception thereto.* A party to a proceeding for partition excepted to the commissioners' report of partition of land, on the ground that the interests of the parties were manifestly prejudiced by the partition as reported, and because the partition could not be made without manifest prejudice to the interests of the parties. No proof was introduced showing that the

party complaining, or any other party, was injured by the partition: *Held,* that the court properly overruled the exceptions to the report. If any party was injured, the party objecting should make that fact appear.

2. A ground of exception to the report of commissioners making partition was, that the map or plat referred to in the report did not show the size and dimensions of the several parcels, as indicated by the surveyor's figures thereon. The correctness of these figures was not disputed, they showing the distances of each line: *Held,* that the objection on account of the plat was frivolous and properly overruled.

Appeal from the Superior Court of Cook county; the Hon. Henry M. Shepard, Judge, presiding.

Messrs. Walker & Judd, for the appellant.

Mr. William Vocke, and Mr. Harvey Storck, for the appellees.

Mr. Justice Scholfield delivered the opinion of the Court:

This is a proceeding for the partition of the north ten acres of the east half of the west half of the north-east fractional quarter of section 1, township 40, north, range 13, east of the third principal meridian, in Cook county. The land belonged to Christoph Klein, deceased, in his lifetime, and he dying intestate, it descended in equal parts to his seven children, who were his heirs-at-law. Two of these children sold and conveyed their undivided interests to Jacob Koehler, and partition of the tract was therefore to be made, so as to give Christoph Klein, Catharine Keller, Barbara M. Reinstich, Sybilla Meyer and Elizabeth Buschert each one-seventh, and Jacob Koehler two-sevenths. Partition was decreed, and commissioners were appointed to make partition. They reported that they had made partition by dividing the tract by parallel lines, running north and south, into seven equal tracts, numbered from 1 to 7, consecutively, commencing on the east side, and that they assigned and set apart to Jacob Koehler lots

numbered 1 and 2, and that to each of the other five parties they assigned and set apart a lot, indicated by its number; and they accompanied their report with a plat exhibiting the partition. Jacob Koehler excepted to the report, because— First, the interests of the parties are manifestly prejudiced by the partition report; second, the premises in question can not be partitioned without manifest prejudice to the interests of the parties; third, the plat attached to said report is false and misleading, and is not such a plat as would be entitled to record; fourth, the item of $25, surveyor's fees, should not be allowed, because the surveyor has furnished a false and erroneous plat.

In support of these exceptions, an affidavit of Jacob Koehler was filed, which shows that the premises sought to be partitioned are of a long, slender and rectangular shape, and four times as wide north and south, as broad east and west; that the only means of access to said premises is from a public road running along the north side thereof; that said premises are situated in a sparsely inhabited farming region, five miles from the city limits of the city of Chicago, and that the land is very low, and inclined to be swampy. Also the affidavit of Samuel S. Greeley, a surveyor, in support of said exceptions, which states that he has had submitted to him the plat attached to the commissioners' report; that said plat is out of proportion to the dimensions marked thereon, and gives an erroneous impression of the shape of the tracts of land to be represented by the same; he states that the map attached to his affidavit is a correctly prepared representation of a tract of land of such dimensions as are indicated by the figures upon the map attached to the report.

The map attached to Greeley's affidavit, with an addition thereto showing the location of twenty acres of other land, owned by Koehler, is as follows:

## ROAD.

| 47.34 | 47.34 | 47.34 | 47.34 | 47.34 | 47.34 | 47.34 |
|---|---|---|---|---|---|---|
| | | | | | | 1315.95 |
| 7 | 6 | 5 | 4 | 3 | 2 | 1 |
| 1315.95 | | | | | | |
| 47.23 | 47.23 | 47.23 | 47.23 | 47.23 | 47.23 | 47.23 |

TWENTY ACRES OWNED BY JACOB KOEHLER.

The length of the lots is $1315\frac{45}{100}$ feet, and their width is $47\frac{23}{100}$ feet. No other evidence was introduced in support of the exceptions. The court overruled the exceptions, and decreed that the report be confirmed. Koehler brings the case here by appeal from that decree.

The court below very properly overruled the exceptions and confirmed the report. No one testifies that Koehler is injured by this partition—not even himself. It is obvious that it is made so as to best subserve his interests, throwing his land,— that is, the two lots and the twenty acres,—all together, so that he can hereafter use it as a single tract, or subdivide it to suit his fancy. No one testified that the interests of the parties are injured by this partition, and we are not authorized, in the absence of evidence in that respect, to determine there was injury.

The objection on account of the form of the plat accompanying the report, is frivolous. The distances are correctly given, and it is therefore impossible that any one can be misled by the plat.

The decree is affirmed.

*Decree affirmed.*