# Staunton.

## McClanahan v. Hockman.

### September 29, 1898.

### Absent, Riely and Cardwell, JJ.

1. Res Judicata—*Second Appeal in Same Case—Parties.*—On a second appeal in the same case matters adjudicated on the first appeal cannot be called in question. The decree on the first appeal is final and irreversible. A party to the first appeal cannot object because other persons whose rights are affected, but who make no complaint of the results of the first appeal, were not then before the court.

2. Chancery Pleading—*Admission.*—A party who files a petition in a cause praying to be admitted as a party defendant, and in his petition admits a fact, cannot thereafter, when so admitted, deny that fact in his answer to the bill.

3. Partition—*Exception to Report of Commissioners—Parties.*—An exception for lack of parties to the report of commissioners to make partition is not well taken when the record fails to disclose the interests of such parties.

4. Partition—*Report of Commissioners—Notice.*—Commissioners to make partition of lands are not required to give notice to the parties interested, though they usually do so. The parties have their day in court when the report of the commissioners is returned to the court.

5. Partition—*Report of Commissioners—Presumption of Correctness—Valuation of Lands.*—It is not necessary for the report of commissioners to make partition of lands to affix a money value to the lands divided, or any part of them. In the absence of evidence to the contrary, the court will presume that the report of such commissioners is true and correct.

Appeal from two decrees of the Circuit Court of Shenandoah county pronounced January 21, 1896, and September 11, 1896, in two suits in chancery wherein the appellees were the complainants, and the appellant and others were the defendants.

*Affirmed.*

*M. L. Walton* and *Wm. R. Alexander*, for the appellant.

*John E. Roller*, for the appellee.

Keith, P., delivered the opinion of the court.

The present appeal is the sequel to two cases of *Hockman &
als.* against *McClanahan & als.*, decided in this court at a former
term, and reported in 87 Va. 33. This court decided in
those cases that certain deeds executed by Rebecca McClana-
han, conveying her undivided interest in two tracts of land,
were null and void, for reasons set forth in the opinion of the
court. The effect of that decision was to vest in the heirs at
law of Rebecca McClanahan one undivided half in each of the
two tracts of land which were the subjects of litigation.
When the decrees of this court were certified to the Circuit
Court of Shenandoah county, the two causes, which had
theretofore proceeded separately, were brought on to be heard
together, and the plaintiff filed an amended and supplemental
bill to bring before the court the heirs of Rebecca McClana-
han on the side of her mother, Christena, who, before her
marriage, was Christena Miley. The object of the suit was to
have the two tracts of land partitioned amongst those entitled.
At a subsequent day, Thomas McClananan, Samuel Mc-
Clanahan, and Harrison Crabill, presented their petition, in
which they stated that they were parties to the original bills,
and were interested in the matters therein involved; that they
were not made parties to the amended and supplemental bill,
and prayed that they might be admitted as defendants. This
petition further averred that said Thomas McClanahan "is
one of the heirs at law of Rebecca McClanahan in any real
estate of which said Rebecca McClanahan died seised and
possessed." Five commissioners were appointed to make par-
tition, any three of whom were authorized to act, and on the
26th day of March, 1896, having been first duly sworn,

Bauserman, Cooley, and Hite went upon the real estate, and after a careful examination, and taking into consideration the quality and quantity of the land, reported that, in their opinion, the two tracts of land were not susceptible of partition separately without great injury to the interests involved. They therefore divided the two tracts of land into two parts, and determined by lot that parcel number one should be given to the heirs of Rebecca McClanahan, and parcel number two to Thomas McClanahan, and those claiming under him. This report was presented to the court, and a decree confirming it was entered on the 11th of September, 1896, and from that decree an appeal was allowed by one of the judges of this court.

The decrees rendered in this court in these causes ended all matters therein adjudicated, are final and irreversible, and cannot be called in question on a second appeal in the cause. This rule of decision is too firmly established in this court to be now shaken.

Appellants, while admitting the force of the rule, have endeavored to show that it has no application to this case because the material heirs of Rebecca McClanahan were not parties to the former appeal. The controversy was between Thomas McClanahan and the heirs of his wife, Rebecca. The decision of this court was a final adjudication of that controversy, and by it the title to one half of each of the two tracts of land in litigation was vested in the heirs of Rebecca. Thomas McClanahan was, of course, a party to each of those suits, and cannot now reopen those decrees because certain persons, whose rights were affected by those decrees and who make no complaint of the result, were not parties before the court.

Nor do we think his contention well founded with respect to the proceedings leading up to the partition in this case, and the decree by which that partition was confirmed. Thomas McClanahan cannot now be heard to dispute the heirship of the parties named in the supplemental bill and answer as the

heirs at law upon the part of the mother, Rebecca McClanahan. He admits that they are heirs at law in the petition, in response to which he was made a party defendant to the amended bill, and cannot avoid the consequences of that admission by calling in his answer for proof of the fact thus admitted.

Nor is an exception which he makes to the report of partition in which he alleges that certain persons therein named who have not been made parties, were interested in the subject-matter as tenants by the curtesy, inchoate or consummate, well taken, because the record does not disclose the existence of the conditions essential to that estate in the parties named.

It is not necessary under our statute of partition that the commissioners should give notice, though it is frequently done. The parties interested have their day in court when the report of the commissioners is made and it comes before the court for approval or rejection.

Nor is the report of the commissioners defective for failure to place a valuation in money upon the lands, or any portion of them; nor will the court presume that partition of the respective tracts could have been made separately, but, in the absence of evidence to the contrary, will presume that the conclusions reached by the commissioners, and by them reported to the court, are true, and sufficient to warrant a decree in accordance with them.

We are therefore of opinion that there is no error in the decree to the prejudice of the appellants.

The appellees, through their counsel, assert that the partition made does them injustice. They claim that they are entitled to have the whole of both tracts of land sold, and ask for a reversal in their favor, and for a decree for the sale of both tracts. The commissioners found that partition in kind of each of the two tracts could not be made conveniently without great injury to the entire estate. They therefore determined to treat the two tracts as a whole, and then proceeded to divide

it as equally as possible between those entitled, ascertaining by lot the share of each. As we have seen, in considering the assignments of error presented by the appellants, there is no evidence controverting the facts stated, and the conclusions presented by the commissioners in their report. All the presumptions are in favor of its correctness, and it was properly approved by the Circuit Court.

Having reached that conclusion, the Circuit Court very properly, for the reasons stated in the decree, directed a sale of the share allotted to the heirs of Rebecca McClanahan.

Upon the whole case we are of opinion that there is no error in the decree complained of, and it is affirmed.

*Affirmed.*