MAY E. MILLER *et al.*

*v.*

WILLIAM LANNING *et al.*

*Opinion filed October 24, 1904.*

1. PARTITION—*partition is a matter of right if case is within the statute.* The right to partition is imperative and absolutely binding upon courts of equity if the case presented is fairly within statute.

2. SAME—*reversioners are entitled to partition as of right.* The imperative right to partition extends to reversioners and remainder-men owning land in fee subject to a life estate, even though they are not entitled to the possession.

3. SAME—*right to partition is limited where infants are interested.* In a proceeding to partition lands in which infants are interested the chancellor should ascertain how partition will affect the infant's interests, and if it is found that it will not be beneficial, partition should be denied.

4. SAME—*what is not a bar to partition.* A prior partition proceeding in which the parties interested might have had a certain tract of land partitioned or sold at the same time the other lands were partitioned is not a bar to a subsequent proceeding to partition such tract before the expiration of the life estate.

5. SAME—*parties desiring to question the commissioners' action should object below.* Parties desiring to question the finding of the commissioners that the lands were not susceptible of division without manifest prejudice should object to the report and offer evidence in support of the objections.

APPEAL from the Circuit Court of LaSalle county; the Hon. CHARLES BLANCHARD, Judge, presiding.

This is an appeal from a decree of the circuit court of LaSalle county ordering certain premises to be sold in a partition proceeding begun by appellees against appellants. On March 10, 1888, a prior partition was had of certain lands of which Adam Diller died seized, the eighty-acre tract involved in this suit being then set off to his widow as and for her homestead and dower, the remainder not being then divided. Other lands belonging to the estate were partitioned among the several heirs free from the dower and homestead of the widow. Since then several of the children

of Adam Diller conveyed their fee simple title to said eighty acres to these appellees, who, on September 11, 1903, filed the present bill praying for a partition of the same, subject to the life estate of the widow. Appellants, who were made parties defendant, filed a special demurrer to the bill upon the ground that partition proceedings having once been instituted, in which the parties interested in the land had the right to have the same divided or sold in the same manner sought by the present bill and the land not having been then partitioned, the right must be conclusively presumed to have been waived or adjudicated. The demurrer was overruled and the defendants answered, setting up the same defense presented by their demurrer. To that part of the answer the complainants excepted and their exception was sustained. Partition was then ordered and commissioners appointed to make the same, who were directed to set off the four-tenths belonging to appellants in one body at their request, three-tenths to the complainant William Lanning, and three-tenths to Paul R. Chubbuck, one of the defendants, subject to the life estate of the widow. The commissioners' report that the land could not be divided being approved by the court, an order and decree of sale were entered, from which the appellants prosecute this appeal.

A. C. NORTON, for appellants.

McDOUGALL & CHAPMAN, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

It is first insisted that the court erred in overruling appellants' demurrer to the bill. They having answered over, are not in a position now to raise that question. The answer, however, set up substantially the same matter as was presented by the special demurrer, and the action of the court in sustaining exceptions thereto preserves all the rights appellants would have had under the demurrer.

Appellants assign for error the sustaining of the exceptions to their answer. Section 1 of chapter 106 of the Re-

vised Statutes provides: "That when land, tenements or hereditaments are held in joint tenancy, tenancy in common or coparcenary, whether such right or title is derived by purchase, devise or descent, or whether any or all of the claimants are minors or of full age, any one or more of the persons interested therein may compel a partition thereof by bill in chancery as heretofore, or by petition in the circuit court of the proper county." Under this section we have held that where a. case is fairly brought within the law authorizing a partition, the right to partition is imperative and absolutely binding upon courts of equity. They are not clothed with such discretion as that under a given state of facts they may grant the relief or refuse it and yet commit no error. To invoke the equitable· remedy is a matter of right, and not of mere grace. (*Hill* v. *Reno,* 112 Ill. 154.) And this imperative right extends to reversioners and remainder-men owning land in fee, subject to a life estate, even though they are not entitled to the possession. (*Drake* v. *Merkle,* 153 Ill. 318). Such imperative right is, however, limited where part of the estate is owned by infants. The protection of infants and their estates is a duty enjoined upon courts of equity whenever their jurisdiction is invoked on their behalf or for the protection of their property. When a court of equity is called upon by a bill to partition lands in which infants are interested, it is the duty of the chancellor to ascertain whether the partition will result beneficially to such infants or to their detriment, and if it is found that it will not be for their best interests, partition should be denied. *Ames* v. *Ames,* 148 Ill. 321; *Hartmann* v. *Hartmann,* 59 id. 103.

The contention of appellants that the former proceeding having been instituted in which the parties interested in the land had the right to have it partitioned or sold in the same manner as is sought by the present bill, the presumption must be that the right to partition was then waived or decided adversely to the right, and that therefore no further proceeding can be had by others interested in the land to

have the same divided until the expiration of the life estate, is, in our opinion, wholly untenable. The presumption must be that the court in the former proceeding acted from legal and proper motives under the then existing conditions and rights of the parties. Why the fee to the eighty-acre tract was not then divided does not appear nor is it material. The rights of infants may have intervened, which made it to their interest that the same should not be then divided, and if so, there would seem to be no reason for holding that any one of them, upon arriving at his or her majority, might not have partition subject to the life estate of their mother, or, as is the case here, having sold their interests, their grantees may undoubtedly apply, under the statute, to have the lands divided. We do not see why the owners of the fee would be entitled to partition after the expiration of the life estate rather than before. If a prior action is a bar in the one case it would be in the other, in the absence of any statutory limitation. We have no hesitancy in holding that the former partition proceeding was in no sense a bar to this action, and that the court below properly so held.

Objection is also urged that the commissioners did not set off to the appellants their shares of the land as requested in their answer, and to the order of sale. The commissioners having found that the land was not susceptible of division without manifest prejudice to the parties interested, and so reported, the order of sale followed as a matter of course, under the statute. If appellants desired to raise the question that the commissioners were not justified in finding that the premises could not be divided, they should have made an objection to their report to that effect and offered evidence in support of their objection. Without such objection and proof we are not authorized to find that their action, and that of the court, was not authorized by the facts in the case.

The proceeding in the circuit court, as shown by this record, was in conformity with the law and facts of the case, and its decree will be affirmed.        *Decree affirmed.*