FRANK WATKE *et al.*

*v.*

ANDREW STINE *et al.*

*Opinion filed February 21, 1905—Rehearing denied April 6, 1905.*

1. PARTITION—*when objection to commissioners' report is properly overruled.* An objection to the report of the commissioners, based upon the ground that it is erroneous in stating that the property is not susceptible of fair division, is properly overruled where no evidence is offered in support of the objection.

2. SAME—*decree of partition or sale may be entered before estate is settled.* Partition may be made, or, if the premises are not divisible, a decree of sale may be entered, before the expiration of the time allowed by law for probating claims against the estate, but in such case the court should make such order with reference to the application of the proceeds of the sale as will protect the interests of the claimants.

3. APPEALS AND ERRORS—*objection not covered by assignments of error not considered.* Objections to a decree will not be considered on appeal, though urged in the brief and argument, if they are not covered by the assignments of error.

WRIT OF ERROR to the Circuit Court of Fayette county; the Hon. W. M. FARMER, Judge, presiding.

This was a proceeding brought in the circuit court of Fayette county, to the August term, 1903, thereof, for assignment of dower and homestead and partition of certain lands in said county. The real estate involved consists of forty acres in section 4 and one hundred and twenty acres in section 9, town 5, range 3, and sixty-five acres in section 26 and forty acres in section 19, town 6, range 3, and a house and block of ground in the village of Farina, all in Fayette county. Henry M. Shupe was the owner of this real estate at the time of his death, which occurred on June 26, 1903. He died intestate and left him surviving Mary A. Shupe, his widow, Clara B. Stone, Marion F. Shupe, Mary C. Watke, and David Shupe, his children, and Will H. Newcome, Anna Hart and Charles Newcome, children of his deceased daugh-

ter, as his only heirs. The bill herein was filed by said Clara B. Stone. The widow and heirs other than the complainant, and the administrator of the estate of Henry M. Shupe, were made defendants. After the filing of the bill, Adam Stine and B. A. Mahon purchased the interests of Clara B. Stone and the three grandchildren of deceased in said real estate; Henry Lash purchased the interest of Marion F. Shupe, and Frank Watke purchased the interest of David Shupe. A supplemental bill was filed setting forth the transfers to Stine and Mahon and to Watke, and Stine and Mahon were substituted as complainants. The bill was dismissed as to David Shupe and the three grandchildren of deceased, and Watke and Lash were made defendants. The administrator filed an answer. A default was taken as to the other defendants and the cause was referred to the master. The master filed his report, and a decree was entered granting the prayer of the bill and appointing commissioners to assign homestead and dower and to make partition.

The commissioners on February 18, 1904, reported that the premises were not susceptible of division or partition and assignment of homestead and dower without manifest prejudice to the parties in interest, and fixed the value of each tract separately. Mary C. Watke and Frank Watke filed exceptions to the report of the commissioners, stating that the lands were susceptible of division and partition, and setting out the reasons on which their conclusion was based. The report was referred back to the commissioners. Thereafter the commissioners made a supplemental report, in which they stated that the lands could not be divided because there are four separate tracts, lying four or five miles apart, to be divided among six persons, including the widow, and that it would be unwise to attempt to divide it among them, as none of them would be satisfied, and that a division would depreciate the value of the land; that in the judgment of the commissioners, the land will be worth $1000 more to the heirs if sold under order of court than if divided; also, that

each of the commissioners had seen the widow and that she expressed a desire that the land be sold instead of divided and the value of her interest be given to her in money, and that all the heirs, if the land is divided, desire to have their portions set apart from the land in town 5, range 3. Frank Watke filed a motion asking that the commissioners be discharged and that new commissioners be appointed because said supplemental report shows that said commissioners are not disinterested and have disqualified themselves by talking privately with some of the parties in interest, and are not free from bias and prejudice. This motion was overruled, but the report was again referred back to the commissioners.

On March 5, 1904, the commissioners filed another report, stated to be in addition to what they had theretofore reported, advising the court that they had again met and duly considered the land in question and had made an effort to divide it among the heirs, but that they could discover no feasible plan by which the real estate could be divided and homestead and dower set off without prejudice to the interests of the parties. On the same day this last report was filed, Mary A. Shupe filed her assent, in writing, to the sale of her homestead and dower with the rest of the estate. Frank Watke and Mary C. Watke filed exceptions to this report and to those theretofore filed by the commissioners, and moved the court to either discharge the commissioners and appoint new ones, or to hear evidence on the "possibility and feasibility of partitioning the said lands by metes and bounds." These exceptions were overruled and a decree was entered approving the report of the commissioners filed on February 18, 1904, and ordering the real estate sold.

Frank Watke and Mary C. Watke sue out this writ of error, and urge, (1) that the court erred in refusing to hear evidence upon the possibility and feasibility of partitioning the land by metes and bounds, as requested by them; (2) that the court erred in refusing to discharge the commissioners and appoint new ones; (3) that there was no proper or

legal report of the commissioners on which to base a decree of sale; and (4) that the court erred in decreeing sale.

F. M. GUINN, for plaintiffs in error.

BROWN, BURNSIDE & BULLINGTON, and BUTTERS & CARR, for defendants in error.

Mr. JUSTICE SCOTT delivered the opinion of the court:

It is first argued that the decree of sale is not founded upon any report of the commissioners finding that the premises are not susceptible of division without manifest prejudice to the parties in interest, as neither additional report contained that statement. The report of February 18, 1904, embodied the necessary recital. Upon exceptions being filed to this report, it was referred back to the commissioners, who made an additional report giving their reasons for finding the premises not divisible. A motion was then made to discharge the commissioners and for the appointment of others in their stead. That motion was overruled, but the report was again referred to the commissioners with directions to make a further report. Thereupon they made a second additional report, reciting that they had again considered the matters committed to their charge and could find no feasible plan by which the lands could be divided "without prejudicing the interests of the parties." The decree of sale embodies the first report in full and that report is by the decree confirmed and approved, and as that report contains the finding in question, we think the objection without merit.

The basis upon which the report was twice re-committed to the commissioners was the objection of plaintiffs in error grounded upon their assertion that the lands were divisible. Upon the filing of the second additional report plaintiffs in error objected to the same for the reason that the premises were divisible and for the further reason that the commissioners were not disinterested. An examination of the objections, however, shows that the repeated findings by the

commissioners that the premises were not divisible are the only substantial manifestation of partiality charged, so that in fact the only objection to the report itself is that it finds the premises not divisible, while plaintiffs in error urged in the court below that they were divisible. No evidence was offered in support of these objections. The court did not refuse to hear evidence, as none was offered, and for this reason the objections were properly overruled, under the decision of this court in *Miller* v. *Lanning,* 211 Ill. 620, where it is said: "If appellants desired to raise the question that the commissioners were not justified in finding that the premises could not be divided, they should have made an objection to their report to that effect and offered evidence in support of their objection."

While it has been frequently said that as between a sale and partition the courts should favor a division of the land so that the existing form of the inheritance may not be disturbed, it is yet true that the sale of the realty and a distribution of the proceeds afford a method of dividing the property that assures to each owner the exact portion thereof to which he is entitled.

The bill herein was filed prior to the expiration of the time within which claims might be presented against the estate of the deceased. The administrator was made a defendant and answered that the personal property would not meet the debts of the estate and that the deficiency would be $550. No evidence was taken on this subject and the decree does not provide for the payment of any money to the administrator, and it is urged that it was error to direct a sale under such circumstances. The decree provides, however, that the master shall bring the money derived from the sale into court to be distributed to the parties entitled thereto under the direction of the court.

Partition may be made or, if the premises are not divisible, a decree of sale may be entered prior to the expiration of the period for probating claims against an estate, as re-

cently held in *Hall* v. *Gabbert,* 213 Ill. 208. As there indicated, however, it will be the duty of the court in the case at bar, upon the report of sale coming in, to take additional proof and to make such an order in reference to the distribution of the proceeds of the sale as will insure their application, so far as may be necessary, to the satisfaction of the claims of the creditors of the estate.

Plaintiffs in error, by their brief and argument, complain of the terms of the decree providing for the payment of solicitors' and commissioners' fees. As the assignments of error do not question the decree in this respect, this complaint will not be considered.

The decree of the circuit court will be affirmed.

*Decree affirmed.*