---

(No. 1967.   Jan. 7, 1918.)
(On Rehearing, Nov. 13, 1918.)
## FIELD v. HUDSON.

### SYLLABUS BY THE COURT.

1. Under the statute, article 19 (sections 4379-4386) Code 1915, governing partition of real estate, the district court has no power to enter a judgment partitioning real estate without the intervention of commissioners, and the judgment of the court must be based upon the report of such commissioners. Hence, where commissioners appointed to make partition report that the real estate in controversy can be partitioned in kind, upon the payment of owelty by one party, and a decree is entered by the district court in conformity with such report, which upon appeal is reversed, because not a proper case for owelty, the trial court, upon

remand, properly refused to enter judgment upon such mandate decreeing partition upon the report of said commissioners, so held to be improper, and referred the matter to new commissioners.        P. 10

2.   Section 4385, Code 1915, furnishes the guide as to when sale of real estate sought to be partitioned can be decreed, viz.:   "When any lands, houses or lots are so circumstanced that a partition thereof cannot be made without manifest prejudice to the owners or proprietors of the same, and the commissioners appointed to partition the same shall so report to the court."        P. 11

3.   Under the partition statute of this state the court is not required to instruct the commissioners as to the law further than the instructions contained in the decree.
P. 12

4.   A report of commissioners that the land cannot be partitioned without manifest prejudice to the owners or proprietors of the same need not contain the facts and data upon which they base their conclusion.        P. 13

5.   Commissioners in partition under a statute which does not so require are not obliged to give notice to the parties and to hear evidence.   The parties interested have their day in court when the report comes before the court for approval or rejection.        P. 13

6.   Exceptions to the reports of the commissioners should be supported by affidavit, where proof is required to support the same, otherwise the court may properly overrule the same.        P. 14

7.   Where the instructions in a partition proceeding correctly stated the law under the statutes, and where both parties had requested the court to instruct the commissioners as to the law, no complaint could be sucessfully made against the instructions given.        P. 13

ON REHEARING.

8.   Parol evidence, without restriction as to the form in which it shall be presented, is admissible in support of exceptions to a report of commissioners in partition.        P. 18

Roberts, J., dissenting.

Appeal from District Court, Bernalillo County; Raynolds, Judge.

Action for partition by Mary Lester Field against
Clarence A. Hudson.   Plaintiff's motion for judgment
after mandate denied, and new commissioners to par-
tition the land appointed, her exceptions to a report
overruled, and there was a decree for a sale, and plain-
tiff appeals.   Reversed and remanded, with instructions.

See, also, 19 N. M. 91, 140 Pac. 1118.

H. B. CORNELL, of Albuquerque, for appellant.

H. C. MILLER, of El Paso, Tex., and E. W. DOBSON,
of Albuquerque, for appellee.

### OPINION OF THE COURT.

ROBERTS, J.   This action was instituted in the court
below by appellant against appellee for the partition
of lots 13 and 14, block 2, Perea addition to Albuquer-
que, N. M., such lots being owned by the parties as
tenants in common.   Appellant sought a partition in
kind.   The appellee asked for a sale of the lots.   Com-
missioners were appointed to make a partition, and re-
ported that the property consisted of two unimproved
lots of no appreciable difference in value; that sold to-
gether they would bring $100 more than if sold sep-
arately; that plaintiff was the owner of lots adjoining
lot 13, on which she had valuable improvements.   They
recommended that lot 14 be set over to the appellee, and
that lot 13 be set over to the appellant, and that appel-
lant pay the appellee the sum of $50 damages.   Both
parties excepted to the report of the commissioners and
the judgment of the court which divided the property
and decreed the payment of owelty, as recommended
by the commissioners, and both parties appealed to this
court.   The case was reversed (19 N. M. 91, 140 Pac.
1118), the court holding that it was not a proper case
for the application of the doctrine of owelty, there being
no appreciable difference in the value of the two lots.

The mandate of this court in the above case was filed
in the lower court on September 22, 1915, whereupon

appellant (plaintiff below) filed a motion for judgment, decreeing that plaintiff was owner of lot 13, in block 2, of Perea addition, free from all claims of the defendant (appellee here). The court denied the motion, and appointed new commissioners to partition said land. Plaintiff tendered certain instructions requested by her to be given said commissioners, which requested instructions were refused by the court. Thereafter the said commissioners reported to the court that the lots were so circumstanced that the partition thereof could not be made without manifest prejudice to the owners. To this report plaintiff filed her exceptions and objections. The court overruled plaintiff's objections to said report, and entered a decree ordering the property to be sold by special master; to all of which the plaintiff excepted and from which this appeal is prosecuted.

[1] The first point upon which appellant relies for reversing the judgment is that the court below erred in overruling her motion for a judgment on the mandate of the Supreme Court, it being her contention that the court should have entered a judgment upon said mandate, and should have partitioned the property as recommended by the commissioners, without owelty. In the opinion reversing the judgment of the lower court upon the prior appeal we said:

"For this court to reverse the judgment of the lower court in part, and affirm it in part, so as to give it the effect and force of a judgment of partition in kind, would be equivalent to this court rendering a judgment making partition directly, without intervention of the statutory commissioners."

Under the statute (article 19, Code 1915) the court has no power to enter a judgment partitioning real estate without the intervention of commissioners, and the judgment of the court must be based upon the report of such commissioners. Here the first commissioners appointed did not report that such real estate should be partitioned among the owners in equal portions, giving to the appellant the lot desired by her in the

absence of the payment of owelty. Their report was
that this lot should be awarded to her upon the pay-
ment to the appellee of the sum of $50. This they had
no power to do. Hence their entire report was invali-
dated and the matter was properly referred to other
commissioners for a proper report. In passing, it might
be appropriate to say that the court could properly
have referred the subject to the same commissioners, but
the record shows that some of the original commissioners
were incapable of acting. For the reasons stated there
was no error in the court's action in refusing to grant
appellant's motion for judgment on the mandate of the
Supreme Court.

[2] Appellant next argues that a sale cannot be
decreed where a partition in kind is legally possible.
Our statute (section 4385, Code 1915) provides:

"Where any lands, houses or lots are so circumstanced that
a partition thereof cannot be made without manifest pre-
judice to the owners or proprietors of the same, and the
commissioners appointed to partition the same shall so report
to the court, the court shall thereupon make an order for
the sale of such lands, houses and lots," etc.

The statute furnishes the guide as to when the sale
can be decreed. Appellant argues that the record shows
clearly that the commissioners reported to the court that
the property could be partitioned by metes and
bounds without injury to the appellee, and recommended
a decree so dividing and partitioning the property, which
decree was made and entered. This argument is ad-
dressed to the prior decree, which was reversed by this
court upon the former appeal. The case here now is
upon the decree based upon the report of the second set
of commissioners, and as we have held, that the
court properly referred the matter to the new commis-
sioners; no further argument on this point is needed.

[3] Passing to a consideration of the points going
to the merits of the present decree, it is first urged that
the court should have instructed the commissioners as

to the law as embodied in plaintiff's requested instructions. Appellant tendered to the court nine instructions which she asked the court to give to the commissioners. The court instructed the commissioners in writing, reading to them sections 4384 and 4385, Code 1915, supplemented by the following:

"Under this statute the commissioners appointed in this case to report on the partition of the land in question have one of two courses to pursue: First, to report that the property can be partitioned by metes and bounds, and report their findings in the matter; or, second, to report that the property in question cannot be partitioned by metes and bounds without manifest prejudice to all the owners, but must be sold as a whole. The commissioners are confined to one of these two alternatives.

"Manifest prejudices used in the above instructions means prejudice to all the owners that is obvious, evident, and plain. It is the duty of the commissioners to go upon the premises and make report in writing to the court with all convenient speed."

The statute makes no provision for the court instructing the commissioners, nor do we know of any rule of law which requires these instructions. The partition of real estate in this state is regulated by statute, and is not dependant upon the common law or the general provisions of equity. The statute making no provisions for instructions to be given to the commissioners, it was evidently contemplated by the Legislature that the decree would contain sufficient information to enable the commissioners to properly discharge their duties. The instructions given by the court of its own motion were in accord with the statute. Appellant's complaint is that further and additional instructions which she requested should have been given. The statute containing no requirement for the instruction of the commissioners, there was no error committed by the court in refusing to give the requested instructions. Appellant has presented to us no case holding that it is the duty of the court to give special instructions to commissioners in the absence of a statute so requiring.

[7] The instructions given by the court correctly stated the law under the statutes in question, and, as both parties had requested the court to instruct the commissioners as to the law, no complaint can be successfully lodged against the instructions given, because they correctly stated the law.

[4] Nor is there merit in the objection that the report of the commissioners was inadequate, and that it should contain the facts and data upon which they based their conclusions. The commissioners reported:

"We have gone upon the premises and viewed the same, and find, upon due consideration, that the said lots are so circumstanced that a partition thereof cannot be made without manifest prejudice to the owners of the same."

The statute alone controls in this matter, and section 4385, Code 1915, says that—

"When any lands, houses or lots are so circumstanced that a partition thereof cannot be made without manifest prejudice to the owners or proprietors of the same, and the commissioners appointed to partition the same shall so report to the court, the court shall thereupon make an order for the sale of such lands, houses and lots."

The commissioners made their report in the words of the statute, and this was sufficient. Of course, had they found that the property was susceptible of partition in kind, a more detailed report would have been necessary.

[5] It is next contended that the parties in the partition suit are entitled to a hearing before the commissioners and notice of the hearing. Our partition statute apparently was copied from Illinois, and we have found no case in that state under this statute holding that notice by the commissioners is essential. The statute makes no provision for the taking of evidence by the commissioners, or the swearing of witnesses, and evidently contemplates that the partition shall be made upon the personal view of the premises by the commissioners. Commissioners in partition, under a statute which does not so require, are not obligated to give

notice to the parties and to hear evidence. The parties interested have their day in court when the report comes before the court for approval or rejection. This was so held by the Supreme Court of Virginia in the case of McClanahan v. Hockman, 96 Va. 392, 31 S. E. 516. Many of the states by statute specifically require notice to be given by the commissioners and provide for a hearing; hence decisions under such statutes are not applicable here.

In the case of Hall v. Hall, 152 Mass. 136, 25 N. E. 84, it was held that the commissioners were not bound to hear evidence, and this would seem to imply that notice was unnecessary, for, if the commissioners were not required to hear the evidence offered by the parties, notice would be of no avail.

[6] The last point urged by appellant presents the troublesome question in this appeal, which is whether or not the court should have allowed appellant to present evidence in support of her exceptions to the commissioners' report. The appellant filed exceptions to the report, presenting thereby nine stated grounds, all of which have been disposed of by what has been heretofore said, except as to the sixth ground, which was as follows:

"Plaintiff hereby offers and prays leave to present to the court evidence, documentary and oral, to affirmatively show that said report is arbitrary and contrary to the facts and the law."

Treating this as being sufficient to raise the question as to the right of appellant to present oral evidence upon the incoming report of the commissioners for the purpose of showing that said real estate could be partitioned in kind, we will consider and pass upon the right of appellant to have offered oral evidence to the court to establish this fact. The statute is silent upon the question as to the duty of the court in the premises.

That the mode of obtaining a division of real estate given by this statute was intended to take the place of

the common law remedy by writ of partition is evident. Without this remedy one tenant desiring a division of land held by several in common could only effect such object by a bill in chancery. Such a remedy was generally attended by considerable expense and frequently subject to great delay. It was to obviate these difficulties by affording the parties an easy, cheap, and expeditious mode of obtaining partition that the statute was enacted. . The proceedings are summary and in rem. Louvalle v. Menard, 1 Gilman (Ill.) 39, 41 Am. Dec. 161. This being true, was it the design of the statute that the party could, by an unsupported exception to the findings of the commissioners, made under oath, force the other parties to the proceeding to a trial of the disputed question upon which the court would be required to receive oral evidence? If this be the true construction of the law in such cases, the design of the statute for a cheap and expeditious method of partition would be frustrated and the matter might drag out interminably.

That the report of the commissioners is not final, and is subject to approval or rejection by the court, goes without saying. Appellant, in support of her contention that she was entitled to introduce oral evidence, cites the case of McCann v. Brown, 43 Ga. 386; but this was under a statute which permitted, and which required the court to hear oral evidence. Hence it affords no authority under a statute such as ours, which contains no such requirement. The decisions of Illinois, made under a similar statute, throw some light upon the proposition.

In the case of Miller v. Lanning, 211 Ill. 620, 71 N. E. 1115, the court said:

"Objection is also urged that the commissioners did not set off to the appellants their shares of the land as requested in their answer and to the order of sale. The commissioners having found that the land was not susceptible of division without manifest prejudice to the parties interested, and so reported, the order of sale followed as a matter of course,

under the statute. If appellants desired to raise the question that the commissioners were not justified in finding that the premises could not be divided, they should have made an objection to their report to that effect and offered evidence in support of their objection. Without such objection and proof we are not authorized to find that their action, and that of the court, was not authorized by the facts in the case."

In the case of Watke. v. Stine, 214 Ill. 563, 73 N. E. 793, commissioners were appointed under the statute to partition certain real estate, reporting that the real estate could not be divided without prejudice to the interests of the parties. Watke filed exceptions to this report, and to those theretofore filed by the commissioners, and moved the court to either discharge the commissioners and appoint new ones, or to hear evidence on the "possibility and feasability of partitioning the said lands by metes and bounds." These exceptions were overruled, and a decree was entered approving the report of the commissioners. The court said:

"No evidence was offered in support of these objections. The court did not refuse to hear evidence, as none was offered, and for this reason the objections were properly overruled, under the decision of this court in Miller v. Lanning, 211 Ill. 620 (71 N. E. 1115), where it is said: 'If appellants desire to raise the question that the commissioners were not justified in finding that the premises could not be divided, they should have made an objection to their report to that effect and offered evidence in support of their objection.'"

In this case, as in the one now under consideration, the objecting party asked the court to hear evidence, and it is significant that the court sustained the action of the lower court in overruling the objections and confirming the report, saying that no evidence was offered in support of the objections; thereby implying, at least, that the evidence should have been offered simultaneously with the objection, which, of course, could only be done in the form of affidavits.

In the case of Koehler v. Klein, 128 Ill. 393, 21 N. E 574, the proof in support of the objections to the report

of the commissioners was presented by affidavits.   This would seem to be the proper method of supporting the objection to the report, and would enable the court to expeditiously dispose of the objections, and affords the objecting party full opportunity to be heard.

The objecting party being afforded a hearing in this manner, he is not denied due process of law.   Appellant having presented no evidence in support of her exceptions, the report of the commissioners was properly approved by the court, and the judgment of the court will be affirmed, and it is so ordered.

HANNA, C. J. and PARKER, J. concur.

### ON REHEARING.

JOHN F. SIMMS, for appellant.

H. C. MILLER and E. W. DOBSON, for appellee.

### OPINION OF THE COURT.

PARKER, J.   A motion for rehearing in this case has been granted and a rehearing had.

Counsel on rehearing call attention to the fact that the district court held that under section 4385, Code 1915, "when the commissioners reported that the property is so circumstanced that it cannot be partitioned without manifest prejudice to the parties, the language of the statute seems to be mandatory as to the duty of the court to order the property sold." The district court thus held that it had no power to hear any evidence in any form contradicting the report of the commissioners. It is urged by counsel for appellant that such a holding would authorize the taking of property without due process of law, and thus antagonize the constitutional guaranties.   He therefore urges upon the court the necessity for a decision to that effect in this case.   We do not deem a decision of the question, however, as at all necessary in view of our construction of the statute as hereinafter stated.

It is to be observed in this connection that the statute requires in every instance a report of the commissioners to the court. This report requires confirmation in every instance. This necessarily requires the court to exercise its judgment upon the correctness or incorrectness of the report. Jurisdiction, power, and duty on the part of the court are necessarily implied, from the circumstances, to hear and determine the merits of the report. If the court were to be absolutely bound by the report, as the district court seems to have held, then the question urged by counsel for appellant would arise. But we hold to the contrary, and an examination of the brief of counsel for appellee discloses that he does not contend that the court is not bound to hear exceptions to the report and evidence in support of said exceptions. He argues that affidavits are required.

[8] We are convinced, however, that this court was in error in holding that evidence in support of exceptions to the report must be tendered with the exceptions and in the form of affidavits. We have re-examined the cases in Illinois upon which the holding was founded, and find that they do not support the conclusions reached. These cases simply hold that evidence must be offered in support of the exceptions to the report of the commissioners, and do not hold, as we heretofore interpreted them, that this evidence must take the form of affidavits in every instance. That parol evidence, without restrictions as to the form in which it shall be presented, is admissible in support of exceptions to a report of commissioners, see Freeman Co. Ten. and Par. (2d Ed.) § 525; 30 Cyc. 265; Riggs v. Dickinson, 2 Scam. (Ill.) 439, 35 Am. Dec. 113; Simmons v. Foscue, 81 N. C. 86; Ransom v. High, 37 W. Va. 838, 17 S. E. 413, 38 Am. St. Rep. 67; Kenyon v. Kenyon (R. I.) 85 Atl. 936; Basford v. Cranford, 125 Md. 15, 93 Atl. 295. Many other cases might be cited.

Whether the court in its discretion might not control the form of the evidence, and require either affidavits

or oral testimony, we do not decide, as the same is not involved in this case.

For the reasons stated, the opinion heretofore rendered will be modified to the extent and in the particulars herein set out, and the cause will be reversed and remanded to the district court, with instructions to proceed in accordance herewith, and it is so ordered.

HANNA, C. J. concurs.

ROBERTS, J. (dissenting). Dissenting from the majority opinion on rehearing: I cannot agree with the views of the majority on rehearing and believe the original opinion should be adhered to. By the rule stated in the majority opinion we have this result: Commissioners appointed under the statute to make partition report, under oath, that the land cannot be divided without manifest prejudice, etc. An owner, dissatisfied with the report, through his attorney, files objection to the same, stating that it is unwarranted and arbitrary, contrary to the facts and the law, and asks that he be allowed to introduce evidence to support such objection. The objections are not sworn to and do not point out specifically the claimed vice in the report of the commissioners. Now, under the majority view, it is the duty of the court to halt the proceedings in partition, and proceed to hear such evidence as the objecting party may see proper to offer to show that the report is "arbitrary and contrary to the facts and the law." If, as stated in the original opinion, the objecting party is required to support his objections by affidavits, the court could readily, and without delay, determine whether such affidavits were sufficient to overcome the sworn report, and justify a new reference to the same or other commissioners.

The cases cited in support of the rule do not discuss the question. In some of them oral evidence was re-

ceived, but no question was raised as to the form in which the evidence should be submitted.

For these reasons I dissent.