399 P.2d 282

Eleanor G. MARQUEZ, Plaintiff-Appellee,

v.

E. B. MARQUEZ, Jr., Gabriel Marquez, Leo Marquez, Mrs. Arnold Chavez, Mrs. Damicio Ulibarri, Onecimo Marquez, Joe Marquez, Viola Marquez, Ester Marquez, Defendants-Appellants.

No. 7575.

Supreme Court of New Mexico.

Feb. 15, 1965.

Stowers & Duran, Albuquerque, for appellants.

Frank O. Westerfield, Jr., George F. Stevens, Albuquerque, for appellees.

COMPTON, Justice.

This appeal is from a judgment in a partition action ordering a sale of land, a division and sale of cattle, and an award for services rendered. The action grows out of a family dispute between the appellee, Eleanor G. Marquez, and three of her children, the appellants. Her other six children, though served with process, made no appearance in the lower court and are not parties to this appeal.

The property involved, owned by all of the parties as tenants in common, consists of approximately 1658 acres of ranch land located in Valencia County, on which are situated a dwelling house and several barns or storage sheds, and some personalty. It was stipulated at the trial that title to an undivided five-eighths interest therein was acquired by the appellee, and that the remaining three-eighths interest therein was acquired by the nine defendants through the death of Benedicto Marquez, husband of appellee and father of the appellants, who died in 1955.

The complaint prayed for a division and partition of the property according to the respective rights of the parties, and for a sale if it should appear that partition could not be made without great injustice to the owners. In a second cause of action appellee asked for the appointment of a receiver to sell the cattle owned jointly by the parties and for a disbursement of the proceeds therefrom pursuant to the order of the court.

Appellants responded, denying there should be a partition of the land. They affirmatively alleged that a partition would work an injustice not only to them but to all of the heirs; that all monies that had been derived from the sale of cattle on the property had been given to the appellee. They counterclaimed, in the event of a partition, for a credit of $6,000.00 for labor, material and monies expended by them in maintaining and supervising the ranch.

The evidence related primarily to the dealings between the parties, the possession of the premises, ownership of the cattle thereon, distribution of proceeds of sales of cattle, and services performed by the appellants for the estate. At the conclusion of the trial, the court orally made what it denominated informal findings, stating in part:

" * * * Now as I understand it, Mrs. Marquez, the Plaintiff in this case, owns the five eighths interest in this prop-

erty and the children own three eighths under the law. Also, since they own it jointly, I understand the law is that if anyone of the parties involved desires that it be partitioned, they have that right to insist that it be divided. However, this particular case, it would be a mistake to divide this ranch up into all these different parts. As I understand it, it would ruin the ranch. So that the only solution seems to be to try to sell the ranch at the highest possible price that you can receive for it, and then divide the proceeds according to the interest owned by each party. * * *"

Immediately following, and in response to a question by the court relating to the sale of the property, counsel for the appellants stated:

"If that land can be sold for forty thousand or forty-five thousand, there is no problem. We are perfectly willing to have it sold. But we would appreciate having the opportunity in the event, if the land price keeps being knocked down, that the brothers have a right to buy it first at that forced sale price. If it's going to be sold at a forced sale price, the brothers should be allowed to purchase it."

After making its formal findings of fact the court concluded that the appellee was the owner of a five-eighths interest in the property and the defendants jointly, in-cluding these appellants, owned an undivided three-eighths interest therein; that a receiver should be appointed to sell the estate cattle and divide the proceeds according to the interests of the parties; that the appellants were entitled to recover $300.00 for their services to the estate (this amount was corrected in the judgment to $500.00) and that a partition of the premises should be decreed and commissioners appointed for that purpose.

Thereafter, doubtless taking into consideration its so-called informal findings and other proceedings at the conclusion of the trial, the court entered a judgment ordering, among other things, a sale of the property and the appointment of commissioners for that purpose, giving the appellants and each of them the right of refusal to purchase the property at the appraised price of the court appointed appraisers or the highest and best bona fide offer, whichever is greater.

The appellants contend that the court was without jurisdiction to decree a sale of the land for the reason that there was no evidence that a partition could not be made without great prejudice to the owners, and that the burden of establishing this fact, which she failed, was upon the appellee. We agree the court was without power to decree a sale of the property on the record before us, but for reasons other than those advanced by the appellants.

■ In Montoya v. Unknown Heirs of Vigil, 16 N.M. 349, 120 P. 676, Field v. Hudson, 25 N.M. 7, 176 P. 73, and Torrez v. Brady, 35 N.M. 217, 292 P. 901, which construed sections of our partition statutes which remain unchanged today in all pertinent respects, this court held that a judgment declaring the rights of the parties, ordering a partition and appointing commissioners is interlocutory only, and that the district court is without power to enter a judgment partitioning real estate without the intervention of commissioners. With respect to a sale rather than a partition, in Field v. Hudson, supra, it was also held that the statute furnishes the guide as to when a sale can be decreed. The present comparable statute construed in that case is § 22–13–7, 1953 Comp., and provides that a sale can be had only when commissioners report to the court that a partition cannot be made without manifest prejudice to the owners. The appellee, however, contends that appellants' statement to the effect they would be willing to have the property sold, effectively waives their right to have commissioners appointed. We do not agree.

Aside from any possible lack of a meeting of the minds between the court and counsel for the plaintiff and for the three brothers, it nowhere appears that the other six brothers and sisters, some of them minors represented by a guardian ad litem, and all with interests in the property, ever agreed to waive the statutory procedure. Under the circumstances, three of the defendants and the plaintiff could not effectively accomplish a total departure from the requirements of § 22–13–7, supra. See 4 Thompson on Real Property (Perm.Ed.) 475, § 1963; 2 Tiffany, Real Property (3rd Ed.) 298, § 468.

■ The second point relied upon for reversal is that the appellants were entitled to a reasonable compensation for their services and materials furnished the estate of the decedent, and that the amount awarded was inadequate and prejudicial. This is an indirect attack on the court's finding on this issue. What is reasonable compensation in a situation such as was present here, depends upon the facts and circumstances of the particular case. Even the appellants cite authority in support of this rule. 98 C.J.S. Work and Labor § 65, pp. 819, 823. Suffice it to say, considering all the facts and circumstances of the case, we find substantial evidence to support the findings of the court and we are bound thereby. Bogle v. Potter, 72 N.M. 99, 380 P.2d 839.

■■ The final point relied upon relates to the failure of the court to find that the appellants, as heirs of the Marquez estate, were entitled to their proper share of certain assets of the estate. This point is likewise without merit. Contrary to the appellants' contention, findings requested by them refer only to reimbursement, compensation for labor, services and materials, and

in no manner sought an accounting as heirs. The trial court must be alerted to a claimed non-jurisdictional error in order to preserve it for consideration on appeal, and questions not so presented cannot be raised on appeal for the first time. Supreme Court Rule 20; Terry v. Biswell, 66 N.M. 201, 345 P.2d 217; Shelley v. Norris, 73 N.M. 148, 386 P.2d 243.

For the reasons stated, the cause will be remanded to the court with directions to proceed in partition in a manner not inconsistent herewith. In all other respects the judgment is affirmed, and it is so ordered.

CHAVEZ and MOISE, JJ., concur.