W. H. WHITAKER, Appellant, *vs.* GERTRUDE RHODES *et al.* Appellees.

*Opinion filed October 26, 1909.*

1. PARTITION—*premises assigned to widow for homestead and dower may be partitioned.* Premises assigned to the widow for homestead and dower may, at the suit of the heirs or their grantees, be partitioned, subject to the life estate of the widow. (*Miller* v. *Lanning,* 211 Ill. 620, adhered to.)

2. SAME—*owners of fee are entitled to partition as a matter of right.* Owners of the fee, subject to a life estate, are entitled to partition as a matter of right, except where the interests of minors are involved and the chancellor can see that the partition will result injuriously to their interests.

3. SAME—*rule precluding forced sale of a homestead does not prevent partition by heirs.* The rule that it is the lot of ground occupied as a residence, and not merely the right of occupancy, which is protected by the homestead statute from forced sale to pay creditors of the deceased householder so long as such residence is occupied by the widow, has no application to prevent partition by the heirs subject to the widow's life estate.

APPEAL from the Circuit Court of Moultrie county; the Hon. W. G. COCHRAN, Judge presiding.

Appellant filed a bill for partition in the circuit court of Moultrie county, making appellees defendants. The bill alleged that Absalom Patterson, who died intestate Octo-

ber 7, 1901, was at the time of his death the owner in fee of the premises described in the bill; that he left a widow, Susan Patterson, and Levi Patterson, Louis G. Patterson, W. D. Patterson and Gertrude Rhodes, surviving children, and Ethel Woodruff, a grand-daughter, his only heirs-at-law. The bill alleges that after the death of Absalom Patterson, by a proceeding in the circuit court for partition of the lands he died seized of, all the premises described in the bill in this case were set off and assigned to the widow of Absalom Patterson, deceased, as and for her dower, except lots 1, 2, 5, 6, 7 and 8 in Freeland's third addition to the city of Sullivan, Moultrie county, Illinois, which were set off to said widow as her homestead and which she now occupies. No partition of these premises subject to the widow's homestead and dower estates was made in that partition suit. The bill further alleges that appellant, in October, 1908, purchased of Louis G. and Levi Patterson all their interest in the premises described in the bill and which in the previous partition suit had been assigned to the widow as homestead and dower. The bill prayed for partition of said premises, subject to the homestead and dower estates of the widow.

The answers of Gertrude Rhodes, W. D. Patterson and Susan Patterson admitted the allegations of the bill as to the death of Absalom Patterson, his title to the land, and the widow and heirs left surviving him. The answers then averred that a prior partition of the lands of said Absalom Patterson was had in the circuit court of Moultrie county, in which the premises described in the bill were set off to the widow as her dower and homestead; that she has continuously since that time remained in possession of the said premises and has continuously resided on the homestead; that Louis G. and Levi Patterson were parties to said partition suit and refused to permit the premises assigned the widow as homestead and dower to be partitioned, and that they and their grantees are therefore estoppèd from main-

taining a suit for the partition of said premises until the termination of the homestead and dower estates. The answer further averred that the premises were not subject to partition until the termination of the widow's estates of homestead and dower therein.

After replication filed, the cause was referred to a special master to take the testimony and report his conclusions of law and fact. He reported that the complainant in the bill, appellant here, had acquired, by purchase, the undivided interest of Louis G. and Levi Patterson in the premises; that he was the owner of the undivided two-fifths thereof subject to the life estate therein of the widow, and that he was entitled to partition of said lands subject to said life estate of said widow. The chancellor sustained exceptions of appellees to so much of said report as found appellant entitled to partition of the homestead premises of the widow of Absalom Patterson and denied the prayer for partition thereof, but entered a decree for the partition of the premises assigned said widow in the former partition suit as and for her dower. Complainant in the bill has prosecuted this appeal from that decree of the circuit court.

E. E. WRIGHT, for appellant:

Anyone having an interest in land may have partition thereof. The right is imperative. *Hill* v. *Reno,* 112 Ill. 154; *Drake* v. *Merkle,* 153 id. 318; Hurd's Stat. 1905, chap. 106, sec. 1.

One tenant in common can sue for partition though there is a subsisting life estate in another in the premises. *Hilliard* v. *Scoville,* 52 Ill. 449; *Drake* v. *Merkle,* 153 id. 318.

Land which has been set off to a widow for dower and homestead may be partitioned before the widow's death. *Miller* v. *Lanning,* 211 Ill. 620.

The homestead in the case at bar is a conditional life estate, with remainder in the heirs or their grantees. *Jones*

v. *Gilbert,* 135 Ill. 27; *Browning* v. *Harris,* 99 id. 456; *Merritt* v. *Merritt,* 97 id. 243; *Brokaw* v. *Ogle,* 170 id. 115.

R. M. PEADRO, for appellees:

The heir has no title after assignment of dower. The widow's title relates back and prevents seizin of the heir. *Fowler* v. *Griffin,* 3 Sand. 385; *Lawrence* v. *Brown,* 1 Seld. 394; 2 Scribner on Dower, 31, 42, 80, 771, 772.

The homestead, if in fee, devolves upon the successor. *Browning* v. *Harris,* 99 Ill. 456.

No conveyance of homestead shall be valid unless signed by the homesteader. *Mueller* v. *Conrad,* 178 Ill. 276.

Partition cannot be had subject to homestead. *Walker* v. *Walker,* 195 Ill. 409.

Homestead does not pass by descent. Hurd's Stat. 1905, chap. 52, sec. 1.

Homestead may be partitioned after abandonment. *Jespersen* v. *Mech,* 213 Ill. 488.

When homestead and dower lands are set off to the widow and children they are joint tenants, and partition will lie. *Miller* v. *Lanning,* 211 Ill. 620.

After the termination of homestead of the surviving widow the land may be sold to satisfy unpaid claims against the husband's estate. *Hanna* v. *Palmer,* 195 Ill. 41.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

The only error assigned by appellant is the ruling of the court in denying the prayer of his bill for the partition of the fee in the premises assigned to and occupied by the widow of Absalom Patterson as her homestead, subject to said estate of said widow. Appellees, Susan Patterson, W. D. Patterson and Gertrude Rhodes, in addition to contending for the correctness of that part of the decree refusing partition of the homestead premises, have by the assignment of cross-errors challenged the correctness of that

part of the decree granting partition of the premises in which the dower interest of the widow, Susan Patterson, was assigned. Appellees take the position that as to the homestead premises the heir takes no title whatever until the termination of the homestead estate, and that until that time "the heir has but a reversionary interest in the homestead, expectant upon the termination of the homestead estate," and that at such termination the title reverts to the "deceased husband, from whom the estate devolved to the successor." Substantially the same position is taken with reference to premises in which the right of dower exists. In such case the contention is that the heirs have "a contingent expectancy, depending on their outliving the widow," in which event they would derive title "directly from the deceased ancestor." Upon these premises as a basis of reasoning, appellees insist that the grantors of appellant had no title to any of the premises involved and therefore no right to ask for partition thereof, and appellant, as their grantee, can have no right to partition.

We do not regard the premises of appellees as sound or as sustained by authority. *Miller* v. *Lanning,* 211 Ill. 620, is on "all-fours" with this case and cannot be distinguished from it. That case settles every proposition contended for by appellees contrary to their contention, and we could not sustain the appellees' position without overruling that case, which we are not inclined to do. There it was sought to partition eighty acres of land which had been assigned to the widow for homestead and dower, subject to said estates of the widow. There, as here, it was insisted the premises were not subject to partition until the termination of the widow's life estate. The suit was brought by the grantee of an heir, and it was held the grantee was entitled to partition, subject to the life estate of the widow. The commissioners appointed to make partition reported the premises could not be divided and a decree of sale was entered. This court affirmed the decree, and said: "We

do not see why the owners of the fee would be entitled to partition after the expiration of the life estate rather than before." That case has never been modified or questioned, but was cited and followed in *Deadman* v. *Yantis,* 230 Ill. 243, where the same principles were announced. Those cases are sustained, in principle, by *Brokaw* v. *Ogle,* 170 Ill. 115, *Drake* v. *Merkle,* 153 id. 318, and *Ruddell* v. *Wren,* 208 id. 508.

Section 22 of the Partition act authorizes the partition of premises in which homestead and dower have been set off, subject thereto. (*Brokaw* v. *Ogle, supra.*) The owners of the fee, subject to a life estate, are entitled to partition as a matter of right, except where the interests of minors are involved and the chancellor can see that the partition will result injuriously to their interests. (*Miller* v. *Lanning, supra.*) Nothing of that kind is involved in this case.

It has been held a number of times that it is not merely the right of occupancy which is exempted by the statute from levy and forced sale by creditors, but that it is the lot of ground occupied as a residence, and as to such lot of ground so occupied by a widow no sale can be made by the administrator for the benefit of the deceased husband's creditors. Obviously, the authorities so holding can have no application where partition is sought by heirs, subject to the widow's life estate.

In our opinion the court did not err in decreeing partition of the premises assigned to the widow of Absalom Patterson as dower, subject thereto, but did err in denying partition of the premises assigned to her as homestead, subject to her life estate in said premises. The decree will therefore be affirmed in part and reversed in part and remanded to the circuit court, with directions to enter a decree in accordance with the views herein expressed.

*Reversed in part and remanded, with directions.*