(No. 15622.—Decree affirmed.)

F. Edward Schmidt, Appellant, *vs.* Henrietta B. Schmidt *et al.* Appellees.

*Opinion filed February 19, 1924—Rehearing denied April 2, 1924.*

1. Partition—*property may be partitioned subject to life estate.* Where the necessary facts occur, the right to partition exists irrespective of the existence of a life estate in the property, but the property must be sold subject to the life estate unless the life tenant assents to the sale.

2. Same—*partition will not be awarded in violation of the complainant's own agreement.* A court of equity will not award partition in violation of the complainant's own agreement not to partition, as in such case the agreement acts as an estoppel against the right to partition even though the agreement be verbal, where it has been so far performed as to amount to fraud if the party be permitted to repudiate it.

3. Same—*when defendants may testify against heir suing for partition.* Defendants to a bill for partition filed by an heir may testify to an oral agreement of all the heirs, after the death of the ancestor, not to partition; and the fact that there are minor heirs who are defendants does not render the testimony incompetent under section 2 of the Evidence act, where the interests of said minors are not adverse to those of the parties testifying.

4. Same—*when oral agreement not to partition may be proved aside from written contract.* Where heirs enter into an oral agreement not to partition certain property in consideration of the life tenant consenting to sell another piece of property, the oral agreement may be proved by parol testimony notwithstanding a written contract was drawn up in regard to the distribution of the proceeds from the other property without mentioning the oral agreement.

5. SAME—*when heir is estopped to demand partition.* An heir who has entered into an oral agreement with the life tenant and the other heirs not to partition certain property if the life tenant will consent to the sale of another piece of property and the distribution of the proceeds, is estopped to demand partition in violation of his agreement after the other property has been sold and the proceeds divided.

APPEAL from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding.

EDMOND W. POTTLE, (J. GLEN JACOBS, of counsel,) for appellant.

HARRIS F. WILLIAMS, for appellees.

BERTRAM W. ROSENSTONE, guardian *ad litem,* for minor appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

On the 18th day of July, 1919, the appellant, F. Edward Schmidt, filed his bill in the superior court of Cook county to partition the real estate owned in fee simple at the time of his death by Florian C. Schmidt, father of the appellant, who died testate on the 12th day of December, 1908, leaving surviving him Henrietta B. Schmidt, his widow, and Florian A., Karl H. and the appellant, F. Edward, his sons. The bill sets out the will and the description of all of the land owned by Florian C. Schmidt at the time of his death, and avers that upon numerous occasions since the death of the testator the appellant has requested his brothers and mother to make partition of the land and that they have refused so to do, but that, on the other hand, they claim that the title to all of the real estate is by the will vested in the appellee Henrietta B. Schmidt as trustee. A demurrer was sustained to the bill as originally filed and the bill was dismissed. The appellant brought the cause to this court for review and the demurrer was passed upon here. The decree was reversed and the cause was remanded, with

directions to overrule the demurrer as to the property described in the ninth clause of the will, for the reason that while said property was devised to the widow for her life the will failed to make disposition of the fee, and that interest being therefore intestate property, was subject to partition, subject to the life estate of the widow. *Schmidt v. Schmidt,* 292 Ill. 275.

The will is set out in full in the opinion in the former case and it will not be necessary to set it out at length here. The land described in the ninth clause of the will is known as lots 19, 20 and 21, block 8, in Cornell, in Cook county, Illinois. The property that passed by the terms of other clauses of the will was thereby devised to the widow for life with power of sale, but that described in the ninth clause being intestate property except as to the life estate, no power of sale attached. After the remanding order of this court was filed in the superior court, Karl H. Schmidt, a son, died testate, leaving a widow, Lucelle H. Schmidt, an infant daughter, Lillian C., and Carl W., an infant son, as his only heirs-at-law. By his will, made after the birth of his daughter and before the birth of his son, Karl H. Schmidt devised and bequeathed all his real and personal property to his wife, Lucelle. After the death of Karl the appellant filed a supplemental bill in this cause, setting forth, in substance, the foregoing facts and circumstances and praying partition of the lands described in the ninth clause of the will, subject to the life estate. The appellees answered, admitting the facts set forth in the supplemental bill but denying that the appellant has any interest in the property in question, and averring that the appellant and his co-owners had prior to the death of Karl made an agreement and had an understanding with the life tenant not to divide or partition the property in question. A guardian *ad litem* was appointed for the infant defendants, Lillian C. and Carl W. Schmidt, who answered the bill and supplemental bill.

Under the holding of this court in *Schmidt* v. *Schmidt, supra,* it is not disputed that the remainder in the property in question passed as intestate property. It is conceded that Henrietta B. Schmidt has a life estate in the real estate, and that F. Edward Schmidt, Florian A. Schmidt and Karl H. Schmidt each acquired by descent an undivided one-third interest in the remainder as tenants in common; that the interest of Karl passed under his last will and testament. The master found and the chancellor decreed that in October, 1909, before this bill was filed, an oral agreement not to partition the land in question was entered into between Henrietta B. Schmidt, the life tenant, and the three sons as remainder-men, the consideration being the sale of two pieces of real estate not involved in this proceeding and a division of the proceeds; that a subsequent written agreement was signed September 22, 1910, by the parties, showing a distribution of the proceeds of the sale, and that no memorandum or provision relative to the oral agreement was attached to or made a part of the written contract for distribution. To establish the oral agreement not to partition, the master, over the objections of the appellant, permitted Henrietta B. and Florian A. Schmidt to testify. Exceptions made to the master's report were overruled and a decree entered in conformity with the findings and recommendations of the master, holding that the appellant is by his oral agreement estopped to ask partition. This is the question in the case. While the guardian *ad litem* for the minor children of Karl H. Schmidt excepted to the master's report because it did not find their interests in the property, no appeal was taken or cross-errors assigned on the decree as to that matter, and it is not now before us. No decree having been entered as to them, they have nothing to appeal from.

It is contended by the appellant that there is no competent evidence in the record to establish an oral agreement by the appellant not to partition the real estate in question;

that Henrietta B. and Florian A. Schmidt were not competent witnesses to testify relative to any alleged oral agreement as against the appellant, who is prosecuting this suit as an heir-at-law of Florian C. Schmidt, and that without their testimony there is no competent evidence in the record establishing or tending to establish any oral agreement not to partition; that the subsequent written agreement relative to the distribution of moneys received from the sale of other properties having omitted any alleged oral agreement, cannot be contradicted, modified, changed or enlarged by parol evidence of verbal agreements previous to its execution.

The sole question arising in this case is the existence and effect of the oral agreement not to partition. The right to partition exists by reason of the interest of the parties in this case, as was held on the previous hearing thereof. When the necessary facts occur the right to partition exists. (*Cummins* v. *Drake,* 265 Ill. 111.) This is true irrespective of the life estate, although the property must be sold subject to the life estate unless the life tenant assents thereto. (*Whitaker* v. *Rhodes,* 242 Ill. 146; *Blakeslee* v. *Blakeslee,* 265 id. 48; Partition act, sec. 32.) This is not disputed by the appellees, but they say this right is such as may be, and has been in this case, forfeited by the agreement of the appellant; that in consideration of the sale of what in this case are known as the Eighty-seventh street and Eightieth street properties and division of the proceeds thereof, the appellant agreed that there should be no more division or sale of the property, and that this agreement applies to a partition of interests in property that did not pass under the will, and the appellant is therefore estopped to seek partition.

A court of equity will not award a partition at the instance of one who seeks the same in violation of his own agreement. In such cases the agreement acts as an estoppel against his right to partition; and this is true even though

the contract be a verbal contract, if it has been so far performed as to amount to fraud if a party be permitted to repudiate it. *Dee* v. *Dee*, 212 Ill. 338; *Ingraham* v. *Mariner*, 194 id. 269; *Martin* v. *Martin*, 170 id. 639; *Hill* v. *Reno*, 112 id. 154.

The evidence concerning the existence of this oral contract is to be found in the testimony of Florian A. Schmidt, a brother, and Henrietta B. Schmidt, the mother, and that of the appellant. The appellant contends that the testimony of the mother and of Florian was incompetent for the reason that he was suing as the heir of a deceased person. He cites in support of this contention *Schneider* v. *Sulzer*, 212 Ill. 87. That case was a bill against the heirs-at-law of a deceased person to establish an alleged dedication made by the deceased ancestor, and it was held that the complainant in that bill was incompetent to testify under section 2 of the Evidence act, for the reason that the defendants in the case defended as heirs of the deceased dedicator. Section 2 of the Evidence act provides that parties in interest and interested witnesses are not competent to testify when any adverse person sues or defends as heir, legatee or devisee of any deceased person. That section, however, provides further as follows: "In any such action, suit or proceeding, a party or interested person may testify to facts occurring after the death of such deceased person, or after the ward, heir, legatee or devisee shall have attained his or her majority." The testimony in this case related to matters occurring after the death of Florian C. Schmidt, and the testimony of those witnesses is not open to this objection.

It is further objected that the minor children of Karl H. Schmidt were defending as his heirs, and for that reason the testimony complained of is not competent. They, however, were defendants, and appellees here, with Henrietta B. and Florian A. Schmidt, defending against partition, and are not adverse parties to them in this proceed-

ing. The contract concerning which the testimony was given arose after the death of Florian C. Schmidt and had to do with the disposition of property by his heirs. The witnesses were competent.

Florian A. Schmidt testified that the appellant had at different times requested a division of the property left by the grantor; that at a conference which took place at the mother's house in October, 1909, the appellant insisted upon having at that time his share of the father's estate; that the mother said she had control of it and intended to keep it, but that she finally agreed that she would sell the Eighty-seventh street and the Eightieth street properties and divide the proceeds among the boys provided there would be no further demands made upon her to divide anything in the future; that upon the sale a division would be made after September 22, 1910, when the son Karl became of age; that the mother said she wanted it understood there would be no more demand upon her for any division of any money or any sale or cutting up of the rest of the estate. This witness testified that he agreed to this, and that the other two sons, including the appellant, were there and also agreed to it. He further testified that this property was later sold and the proceeds were divided in accordance with this agreement; that $9000 was divided on September 22, 1910. The sale of the Eightieth street property took place some time later and brought $800, and by adding thereto $100 of her own, the mother divided the $900 among the three sons on Christmas day, in 1916; that at that time she said that that was the last property that could be sold and the money divided.

Henrietta B. Schmidt, the mother, testified that she said she would consent to the sale of the Eighty-seventh street and the Eightieth street properties and divide the proceeds among the boys on condition that no further demands be made for sale or division or partition as long as she lived; that the boys, including the appellant, all said they would

be willing to abide. She also testified that in 1916 she gave $300 to each of the sons as proceeds of the Eightieth street property sale and told them it was the last money she was going to divide.

Lucelle H. Schmidt, widow of Karl H. Schmidt, testified that she was not present at the conference in October, 1909, when the oral agreement was alleged to have been made, but that she was present on Christmas, 1916, when the mother gave each son $300 as proceeds from the sale of the Eightieth street property; that she said that was the last property that would be sold and the money divided. Mathilda Anfield, who lived with the mother, testified likewise that she was present on Christmas, 1916, and saw the mother give each of the sons $300, and that she said that she was to have the rest of the money as long as she lived, and the boys said "all right."

The making of the contract is denied by the appellant, but we are satisfied that the preponderance of the evidence plainly shows that such contract was made.

The appellant contends that the contract for distribution of September 22, 1910, is a complete contract within itself and must be held to state the whole agreement of the parties up to the date of making the same, and that as nothing appears in the contract relating to an agreement not to partition, such contract is not proven, and parol evidence is not competent to show an oral agreement. This position is clearly untenable. The contract of September 22, 1910, was a contract for the distribution of money arising from the sale of the Eighty-seventh street property and does not purport to be anything else.

It is also contended that the oral agreement, if there was one, does not refer to the matter of partition of property described in the ninth clause of the will; that when such contract was made, if it was made, it was not known that the power of sale of the widow did not extend to the interest in remainder in such land, and therefore it was

311—30

not known that it was subject to partition; that this court has since decided that the remainder in this property is subject to partition, and that as the contract, if one was made, was for the benefit of the mother, partition can be had in this case without injury to her, as a sale would be had subject to her life estate, and therefore would not be in violation of an agreement, if such an agreement had been made. Had this contract been made solely for the benefit of the mother there would be force in this argument, but the contract was made also for the benefit of the other sons, who were interested in the remainder, and who might well feel that it would be a sacrifice to sell the property without the assent of the mother, who was the life tenant.

We are of the opinion, therefore, that the oral agreement, which was executed by the sale of the two properties referred to therein and a division of the proceeds, is binding as an estoppel against the appellant in this proceeding, and that the superior court did not err in so holding.

The guardian *ad litem* has filed a brief here for the minor appellees, claiming that the decree should have passed upon the interest of the children of Karl H. Schmidt in the property in question. As we have seen, the guardian *ad litem* did not appeal from the decree of the court or assign cross-error in this court, and the question is not open. Moreover, the minor heirs are in nowise harmed, as the questions urged by the guardian *ad litem* here remain open and will properly come up in case there should in the future be a partition of this property.

There is no error in the record, and the decree will be affirmed.

*Decree affirmed.*