(No. 24564.—

Edward Swirski, Appellant, *vs.* Clementine Darlington *et al.* Appellees.

*Opinion filed June 20, 1938.*

Nat M. Kahn, for appellant.

Simon Herr, and Louis A. Smith, for appellees.

Per CURIAM: The will of Stasia Swirski was admitted to record in the probate court of Cook county on May 5, 1937. Edward Swirski, her only son and heir, appealed to the circuit court and on a trial *de novo* without a jury a similar order was entered. An appeal was perfected to this court because a freehold is involved.

The appellant contends, first, that the court refused to permit him to testify that the purported signature of his mother on the various pages of the alleged will was not her genuine signature, and that the instrument so offered for probate was not the same document shown to contestant after his mother's death by Mitchell Bernick, the attorney who prepared the will and who was named as one of the executors, and, second, that the prejudicial remarks of the trial court directed against the contestant and his counsel deprived him of his right to a fair and impartial trial.

In the trial *de novo* it was shown that the proffered will was prepared by Bernick, and that each page bore the signature of the testatrix. The three subscribing witnesses to the will testified for the proponents. Their testimony was sufficient, *prima facie,* to prove due execution of the will. However, counsel for Edward Swirski made an offer to prove by him that after the death of his mother, appellant had a conversation with Bernick during which the latter showed him an entirely different instrument from that in evidence, which he said was the last will of the testatrix; that there had been a substitution of documents and that the purported signature of the testatrix on all the sheets of the alleged will was not genuine. The purpose of the offer was stated to be to show fraud and forgery. The grounds of objection to the offer were: (1) That appellant was not a competent witness, and (2) that proof of fraud or forgery is not admissible in this proceeding. The objection was sustained.

Proceedings for admission of a will to record are purely statutory and are covered by sections 2 and 6 of the Wills

act. (Ill. Rev. Stat. 1937, chap. 148, pp. 3191, 3192.) Section 2 authorizes the admission of a will to record on proof made by two or more of the subscribing witnesses of the execution of the instrument in compliance with the requirements therein detailed, but follows with the words: "Provided, that no proof of fraud, forgery, compulsion or other improper conduct be exhibited, which, in the opinion of said county court, shall be deemed sufficient to invalidate or destroy the same," etc. This proviso cannot be ignored. It must be given its plain meaning. We construed this section in *Stuke* v. *Glaser,* 223 Ill. 316, 319, 320. After holding that both parties were limited on the subject of the testator's mental capacity to the testimony of the subscribing witnesses, we said: "Upon an application in the county court to admit the will to probate, or upon an appeal from an order of said court admitting the will to probate, the contestants may introduce any competent testimony for the purpose of invalidating the will on the ground of 'fraud, compulsion or other improper conduct.' * * * The 'fraud' permitted to be proven to invalidate the will * * * relates to such conduct as a trick or devise by which a person may be induced to sign the paper under the impression it is something else, or to the alteration of the will after it is signed, or the substitution of another paper for part of the will after it has been signed, and matters of like character." See, also, *Buerger* v. *Buerger,* 317 Ill. 401, and *Schaefer* v. *Mazer,* 359 id. 621.

Section 2 of the Wills act was amended in 1925 by the insertion of the word "forgery" after the word "fraud" and before the words "compulsion or other improper conduct." Under the language of the proviso the contestant had the right to offer evidence to invalidate the will on the grounds of "fraud, forgery, compulsion or other improper conduct" and proof thereof might be made by witnesses other than those who attested the will. The offer made by the contestant contemplated making proof of either fraud, forgery

or both. If, therefore, the appellant, the sole heir of the testatrix was a competent witness, it was error to deny him the right to be heard.

Section 2 of the Evidence act (Ill. Rev. Stat. 1937, chap. 51, p. 1627) provides: "No party to any civil action, suit or proceeding, or person directly interested in the event thereof, shall be allowed to testify therein of his own motion, or in his own behalf, * * * when any adverse party sues or defends as the * * * executor * * * of any deceased person * * * except in the following cases, namely: First—In any such action, suit or proceeding, a party or interested person may testify to facts occurring after the death of such deceased person." In view of the first exception in this section, the contestant was competent to testify as to any material facts pertaining to the alleged will that occurred after the death of the testatrix. *Schmidt* v. *Schmidt,* 311 Ill. 458.

We have examined the record with care in connection with appellant's charge that he was deprived of his right to a fair and impartial trial by rulings on evidence and by prejudicial remarks of the trial court directed against him and his counsel. The evidence offered by him was competent. While the hearing was before the court, parties litigant are nevertheless entitled to a fair trial, at which all competent testimony offered should be received.

It will be unnecessary to consider other errors assigned and argued. For the errors indicated, the order of the circuit court is reversed and the cause is remanded to the circuit court of Cook county for a new trial.

*Reversed and remanded.*