ROMULUS RIGGS, appellant, *v.* EDWARD DICKINSON, JAMES C. ARMSTRONG, LEWIS BIGELOW, CYRUS LELAND, JACOB GALE, PETER BARTLETT, and BENJAMIN HUNTOON, appellees.

*Appeal from Peoria.*

There can be no doubt of the power of the Circuit Court to disapprove of and set aside the report of commissioners of partition.

Inequality of value, as well as inequality in quantity, is good cause for setting aside a report of commissioners of partition; and such inequality may be shown by affidavit.

THE appellees filed a petition for partition, under the statute, in the Court below, praying for a division between themselves, as proprietors of the undivided half of the northeast quarter of section eight, in township eight, north, range eight east of the fourth principal meridian, and the appellant, as proprietor of the other undivided half. Commissioners were appointed, who reported as follows :

" We divided the said tract of land into two equal parts, by a straight line drawn from the middle of the north line to the middle of the south line of said tract ; and the east half thereof we assigned and set apart to the said Edward Dickinson, James C. Armstrong, Lewis Bigelow, Cyrus Leland, Jacob Gale, Peter Bartlett, and Benjamin Huntoon ; and the west half thereof we assigned and set apart to the said Romulus Riggs."

Riggs moved the Court below, at the April term, 1839, the Hon. Thomas Ford presiding, to set aside the report of the commissioners, on the ground of inequality of value in the moieties assigned by the commissioners to each party. In support of this motion, he produced numerous affidavits, stating the half assigned to Riggs to be the least valuable. The appellees resisted the motion, on the ground that mere inequality in the value of the parts divided, was no reason for setting aside the report, &c. They also endeavoured to show, that the division was a just one. The Court overruled the motion of Riggs, and confirmed the report of the commissioners ; to which decision Riggs excepted, and prayed an appeal. The bill of exceptions embodied the facts above recited, and contained all the affidavits referred to. The points made on the trial of the appeal were : 1st. That the Court below had the power to set aside the report of the commissioners, on the ground of inequality of value in the parts assigned ; and 2d. That the evidence presented by the record proves great inequality to have existed. No authorities were referred to by the appellant. The appellees cited Manners *v.* Charlesworth, 8 Cond. Eng. Ch. R. 376.

C. WALKER and S. T. LOGAN, for the appellant.

W. FRISBY and GEO. T. METCALF, for the appellees.

SMITH, Justice, delivered the opinion of the Court :
The points presented for consideration are,
First. Whether the report in this case can be set aside.
Secondly. If so, whether it will be done in a case where equality of quantity has been observed by the commissioners, in the

Riggs v. Dickinson et al.

division of the land, but which division may have resulted in great inequality of value.

Thirdly. If so, whether that inequality of value may be shown by evidence in writing, impeaching the report on that ground.

The jurisdiction and practice of courts with reference to proceedings for the partition of lands, are not, in the more early instances, free from obscurity and doubt. In reference to the acts of the commissioners, a largeness of discretion has been vested in them, and a reluctance felt in disturbing their reports, unless manifestly irregular, or wanting in equitable distribution. The early English adjudicated cases furnish but little information, except on general principles, in regard to a case like the present; though the power of the courts to interfere and set aside reports of the commissioners, is distinctly maintained. This power, as has been observed, was exercised with much caution, and where apparent injustice had been done, whether arising from mistake or design.

In the case of Manners v. Charlesworth,(1) the power is distinctly recognised, though the Court thought that sufficient grounds did not exist, in that case, to require a further enquiry.

In the case of the Canal Bank of Albany v. The Mayor, &c., of Albany,(2) which was a case of assessment of damages in proceedings under the act relative to streets in the city of Albany, the Supreme Court of New York held, " that the persons making the inquisition partake more of the character of commissioners than of a common law jury, and their affidavit, showing the grounds of their inquisition, will be received to impeach or invalidate it; the rule of law, that the affidavit of jurors will not be received to impeach their verdict, being held inapplicable to proceedings of this kind. "

From this authority, it will be perceived, that no doubt remained with the Court expressing this opinion, that a report of commissioners could be impeached, because it assimilates the proceedings of the jury to that of commissioners, which could be thus reëxamined.

No doubt, however, of the power of the Circuit Court to disapprove of the report of commissioners can exist; because the 14th section of the act relative to the partition of real estate, (3) has declared, that until the report is approved by the Court, it shall not be conclusive on the parties concerned.

The requisition of this approval being necessary to the confirmation of the report, it follows, that the Court has a superintending power over the proceedings, and a legal discretion to approve or disapprove of it.

On the second point, the power being established to review the

(1) 8 Cond. Eng. Ch. R. 376.  (2) 9 Wend. 244.
(3) R. L. 239 ; Gale's Stat. 255.

acts of the commissioners, we cannot doubt that a case of inequality of value, as well as that of quantity, would call for the exercise of the power to set aside a report.

The object of the partition is not merely that an equal division of quantity of land shall be made, but of value also. The object is to do justice to all ; and, although the quantity might be less in the part allotted to one, yet if it was equal in value to that set apart for the other, it would be an equal division, according to the spirit and intent of the law.

In the case of Manners *v.* Charlesworth, already quoted, the Chancellor remarked, " When the shares of the parties are to be equal, as here, and even where they are not, by means of a little additional arrangement, I suggested during the argument that an obvious course to take for securing equality, was for one party to divide, and the other to choose, subject to the superintendence of the commissioners, which would still be necessary, in order to prevent error from want of skill, and also fraud and collusion, where there were more than two parties. Something of the same suggestion, I find, had occurred to Lord Redesdale, as may be seen in the answer which he gave to the seventh query of the second opinion."

The idea of division by one, and choice by the other, under the superintendence of the commissioners, if it could have been adopted in the present case, would probably have been satisfactory to all ; but whether that would have been conformable to the duty of the commissioners, we express no opinion.

We have no doubt, that any fact which shows an unequal division of the land, whether of quantity or value, may be shown by depositions, for the purpose of impeaching the report of the commissioners. It may, however, be objected in this case, that inasmuch as there appears contrariety of evidence, as to the inequality of value, no certain data is afforded by which to determine the extent of that inequality, if it does in point of fact exist.

From an analysis of the evidence on both sides, we are inclined to the opinion that gross inequality is shown, not only from the testimony adduced on the part of Riggs, the qualified testimony of many of the witnesses on the other side, who speak of equal value for farming purposes, but the undisputed fact, that the half awarded to Dickinson and others, lies contiguous to and adjoining the town of Peoria, while the part awarded to Riggs, lies remote therefrom. Here we have, in addition to the testimony adduced for Riggs, the concurring fact, of the locality and value of the tract awarded to Dickinson, compared with that set apart to Riggs, lying remote from the town.

We consider that these facts greatly outweigh the testimony

brought to support the report; and afford good grounds for direct-
ing that report to be set aside, and that a division be made of the
premises upon the principles of an equality of value, and of quan-
tity, with reference to the value of each part, as nearly as practi-
cable.

This rule to make partition among the parties, quality and quan-
tity relatively considered, is the uniform one adopted in New
York. (1)

The judgment is reversed, with costs, and the cause remanded,
with instructions to cause a redivision of the premises, agreeably
to the principles of this opinion.

*Judgment reversed.*