GERALD WRIGHT et al., Plaintiffs-Appellees, v. FLORENCE M. WRIGHT et al., Defendants-Appellants (Michael D. Wright, a Minor, Defendant).

Third District   No. 3—84—0366

Opinion filed January 14, 1985.—Rehearing denied April 1, 1985.

Stanley L. Tucker and Franklin M. Hartzell, both of Hartzell, Glidden, Tucker, Neff and O'Neal, of Carthage, for appellants.

Albert V. Ancelet and Ross A. Robinson, both of Capps, Ancelet & Stoverink, of Carthage, for appellees.

JUSTICE WOMBACHER delivered the opinion of the court:

This is an appeal by certain objectors from the judgment of the circuit court in this partition action, overruling their objection to the commissioners' report and ordering sale of the properties at issue. Pursuant to statutory provision (Ill. Rev. Stat. 1983, ch. 110, par. 17—106), the court had appointed three commissioners to partition the premises among a number of intestate beneficiaries of the estate of Harry M. Wright, the former owner of the properties. The commissioners reported to the court that properties could not be divided without manifest prejudice to the parties in interest. (See Ill. Rev. Stat. 1983, ch. 110, pars. 17—108, 17—116.) Section 17—116 of the Code of Civil Procedure provides for a sale of the properties under these circumstances.

The defendants in the partition action, Florence M. Wright, Eva Nelson, Jean M. Nelson as administrator of the estate of Fred Wright, and Hilda Dienst (hereinafter referred to as "objectors"), filed objections to the report of the commissioners, seeking a partition in kind, or alternatively, a partition in kind with a sale and the award of owelty. The trial judge heard testimony on the objections, overruled them, and approved the report of the commissioners. An order of sale pursuant to the approval was entered. From the decision overruling the objections, approving the report and ordering a sale the objectors now appeal.

The objectors raised issues as to (1) whether the court's decision overruling the objections and approving the report was contrary to the manifest weight of the evidence; (2) whether the court applied the correct legal standards in making its decision; and (3) whether the burden of proof at the hearing was improperly placed upon the objectors.

The relevant facts in the record indicate that the plaintiffs, all relatives and heirs of Harry Wright, filed a partition action seeking the partition of three parcels of property owned by Harry Wright. By virtue of the intestacy statute, the ownership of the properties was di-

vided among 13 persons, including Harry Wright's surviving spouse, Florence M. Wright, a defendant in the partition action and an appellant herein. Mrs. Florence Wright had an ownership interest in one-half of the properties, and the other 12 beneficiaries had various interests, from one eighty-fourth to six eighty-fourths. The complaint for partition sought a partition of the three parcels of real estate according to the parties' respective rights and interests, or alternatively, a sale of the properties with distribution of proceeds, in the event that a partition in kind could not be made without manifest prejudice to the owners. The complaint also requested that the court appoint commissioners to make a partition, or, alternatively, to make an appraisal of the properties. Ill. Rev. Stat. 1983, ch. 110, par. 17—108.

The partition action by plaintiffs was contested by the defendants, now appellants and objectors, but the trial court ultimately entered judgment on the pleadings for the plaintiffs, finding the respective interests of the parties to be as alleged in the complaint. In the judgment order the court appointed three commissioners to make a partition, or to make an appraisal of the properties in the event they found it not susceptible to partition without manifest prejudice to the owners. The commissioners filed their report thereafter. They reported that they had undertaken an examination and evaluation of the properties and determined that the properties were not susceptible of division without manifest prejudice to the parties in interest. They also set an appraisal value on each of the three separate parcels of real estate involved in the suit. Objections to the report were filed by the objectors. The objections filed indicated that Florence M. Wright, surviving spouse of Harry Wright, was 87 years of age, having resided on Tract 1 of the three tracts since 1917. It was noted that Florence Wright was the owner of one-half interest in all of the real estate for which a partition was sought. The objectors asserted that it would be in the best interest of all parties if Tract 1 be awarded to Florence M. Wright and the remaining two tracts be sold, with the proceeds divided among the parties, due consideration given to the value of Tract 1 assigned to Florence. It was stated that Tract 1 had been valued at $197,200, that being 41% of the total appraised value of all three parcels. A hearing on the objections was held, at the conclusion of which the court ordered a supplemental report of commissioners to be filed.

In their supplemental report, the commissioners again found that a partition in kind would be prejudicial to the parties in interest. The commissioners, in support of that conclusion, stated that there were differences in improvements, soil types, and values among the properties. They noted that a division into 13 separate tracts would require

numerous easements for ingress and egress and create drainage problems. They stated that an attempted physical division would result in many small tracts of five acres or less which would not be as valuable as comparable parts of the larger tract to be sold.

The objectors again filed objections to the commissioners report. In their objections, they argued that the commissioners could have divided some part of the real estate and ordered a sale of the remainder. They contended that the court should make a division in kind, with owelty, so as to arrive at an equitable distribution which retained Tract 1 for Florence Wright. A hearing on the objections was held, at which only one witness, Eva Nelson, daughter of Florence Wright, testified. Her testimony indicated that her mother had some health problems. She also testified that her mother was 87, having lived continuously since 1917 at her home on Tract 1. Counsel for the objectors attempted to inquire into Mrs. Wright's desires as to the property, but hearsay objection was sustained. No testimony was received with respect to the specifics of the proposed distribution in the objections, nor did testimony attack the findings of the commissioners in their reports. Neither had counsel for the objectors sought to require the appearance of the commissioners, for the purpose of examination on their reports.

The court overruled the objections and approved and confirmed the report by the commissioners. In a memorandum opinion on the post-trial motion, the trial judge indicated that he had considered the question of a partition in kind, with an award of owelty, as requested by the objectors, but that he did not believe such action warranted by the circumstances presented. The court found with the plaintiffs that the objectors' proposal would not be fair to all parties of interest. The objectors now seek reversal of the judgment on appeal.

As the court noted in *Rothert v. Rothert* (1982), 109 Ill. App. 3d 911, 916, 441 N.E.2d 179:

> "The Partition Act makes no reference to an unequal division of the premises with a payment of owelty. However, the inherent power of the court sitting in equity to make such a division has long been recognized. [Citations.] The law favors a division of land in kind, rather than a division of proceeds from a sale of the land and, therefore, an unequal division with owelty is preferred over a sale of the premises."

It is also clearly established that a partition sale is proper only where a division cannot be made without prejudice to the rights of interested parties. (*Rosenbaum v. Rosenbaum* (1976), 38 Ill. App. 3d 1, 15, 349 N.E.2d 73.) In those instances, an essential prerequisite to a decree of

sale is the appointment of commissioners and a report by them indicating that the land is not susceptible to partition. (38 Ill. App. 3d 1, 15, 399 N.E.2d 73.) In the instant case, the court appointed the commissioners and they submitted an initial report and a supplemental report, wherein they found that the property could not be divided without manifest prejudice to the parties in interest. Accordingly, they appraised the real estate involved.

The objectors contend that the commissioners failed to give any consideration to their proposal that Tract 1 be set off to the surviving spouse, with the remainder sold at public sale, for distribution. While the record is unclear as to whether the commissioners considered the proposal, the determinative fact is that the court considered the proposal, as is evident from his memorandum opinion. Moreover, as noted above, it is the court, sitting in equity in partition cases, which has the power to order a partition in kind, with owelty, and not the commissioners. The decision in such matters is within the trial court's discretion. In this case, the court considered the proposal of the objectors and rejected it as being inequitable to all parties in interest. After hearing evidence on the objections, he found that the commissioners were correct in concluding that a partition in kind could not be accomplished without manifest prejudice to all the owners. We find no basis to conclude that this decision is contrary to the manifest weight of the evidence.

While, as asserted by the objectors, a partition action is an adversary proceeding (*Rosenbaum v. Rosenbaum* (1976), 38 Ill. App. 3d 1, 14, 349 N.E.2d 73) with the plaintiff having the burden of proof for affirmative allegations in the petition, the findings and conclusions of the commissioners are not allegations of the plaintiff. The commissioners having been duly appointed, and having filed their report, as directed, the burden is upon those objecting to the report to support their objections. (*Miller v. Lanning* (1904), 211 Ill. 620, 623; *Watke v. Stine* (1905), 214 Ill. 563, 567.) Absent valid objections, supported by sufficient evidence, a court is justified in relying upon the report of the commissioners. (*Miller v. Lanning* (1904) 211 Ill. 620, 623.) We find that the objectors failed to present sufficient evidence in support of their claims that the commissioners' report was in error. The only witness for the objectors testified solely about Florence Wright's health and her long residency on the property. No evidence was presented to contradict the findings of the commissioners or their conclusions. Neither were the commissioners asked or subpoenaed to appear for purposes of examination by objectors' counsel. Absent evidence indicating errors or omissions in the report, the court was justified in

approving and confirming it. There is no requirement, in the statute or elsewhere, that the commissioners are obligated to testify at the hearing on objections to their report. If an objector wishes to examine the commissioners on the report, clearly he has that right. Absent the parties' request or notice that a commissioner is to appear, there is no obligation to appear and testify.

In summary, the court, following statutory procedure, appointed commissioners to examine the property and report back. The commissioners did so, indicating their findings and conclusions. The trial court considered the objections to the report, including the proposal for a partial division in kind, with owelty, and overruled them, approving and confirming the report of the commissioners. That decision was based upon the established law and was not shown to be contrary to the manifest weight of the evidence.

For these reasons, the judgment of the circuit court of Hancock County is affirmed.

Affirmed.

STOUDER and BARRY, JJ., concur.