DAVID JOSEPH *et al.*, Plaintiffs-Appellees, v. MAURICE JOSEPH *et al.*, Defendants-Appellants.

Third District    No. 3—98—0959

Opinion filed October 8, 1999.—Rehearing denied November 15, 1999.

David B. Radley (argued), of Baymiller & Radley, of Peoria, for appellants.

Stephen D. Gay (argued) and Jeffrey Alan Ryva, both of Husch & Eppenberger, of Peoria, for appellees.

JUSTICE HOMER delivered the opinion of the court:

Plaintiffs brought this action to compel the partition of 6.59 acres of unimproved real estate in Tazewell County pursuant to section 17—101 of the Code of Civil Procedure (the Code) (735 ILCS 5/17—101 *et seq.* (West 1994)). At the conclusion of the proceedings, the trial court ordered the property sold at a public sale. Defendants appeal, contending that the land should have been divided and distributed rather than sold.

## FACTS

In 1978, the parties purchased 6.59 acres of unimproved real estate in Tazewell County along the Illinois River. Title to the real estate was taken by "David Joseph, not personally, but as Trustee under The Joseph Family Land Trust/Partnership Agreement dated May 2, 1977." Plaintiffs asked the court to determine the respective interests of the parties and to divide the property accordingly or order a sale.

The trial judge found that no written trust agreement for the Joseph Trust existed, but that an implied trust existed for the benefit of David Joseph and his wife Sharyn, Maurice Joseph and his wife Norma, each having a one-fourth interest in the property. Pursuant to section 17—106 of the Code, the judge appointed three commissioners to make partition of the property. The commissioners filed a report

signed by two of them concluding that the property was not susceptible to division without manifest prejudice to the rights of the parties. The third commissioner filed a report finding that the property was susceptible to equitable division in kind without manifest prejudice if owelty was paid.

Maurice and Norma filed objections to the majority report and a hearing was held. Commissioner Klopfenstein testified that the property could not be divided without manifest prejudice to the parties because parts of the property would have superior river views. He stated that the highest value of the property would be as a single site. Commissioner Finch testified that the property could not be divided without manifest prejudice to one or more of the parties because the views, access, and topography vary on the site. He also stated that the property would be most valuable as a single site. Commissioner Fortune testified that the property could be divided and equity achieved through the payment of owelty. He thought the property would be more valuable divided into two, three, or four lots rather than maintained as a single site. Another appraiser, called as a witness by defendants, also testified that the property could be divided without manifest prejudice to the parties if owelty was paid to equalize the values.

The court denied defendants' objections, finding that the majority report of the commissioners was "not contrary to the manifest weight of the evidence" and ordered the property sold at auction.

Defendants appeal, arguing that the court gave the majority commissioners too much deference. We agree and reverse. Because we reverse on this issue, we need not address the remaining issues raised by defendants. Additionally, plaintiffs argue that the appeal is moot. We disagree.

## ANALYSIS

■ Initially, we note plaintiffs' contention that this appeal is moot under Supreme Court Rule 305(j) (155 Ill. 2d R. 305(j)), which states:

> "If a stay is not perfected within the time for filing the notice of appeal, *** the reversal or modification of the judgment does not affect the right, title, or interest of any person who is not a party to the action in or to any real or personal property that is acquired after the judgment becomes final and before the judgment is stayed *** "

The order from which this appeal is taken was entered November 23, 1998. On the same day, the trial judge signed a deed conveying the property to plaintiffs, the successful bidders at auction, and plaintiffs quitclaimed the property to GHSC Associates Ltd. Partnership (GHSC Associates). On November 25, defendants filed a notice of appeal and a

motion for a stay pending appeal. However, the trial court did not enter the stay until December 31. Plaintiffs contend that reversal of the instant judgment would not affect the rights of GHSC Associates to the property because it is not a party to the action and the stay was entered more than 30 days after entry of the final judgment.

■ However, before an appeal will be rendered moot by Rule 305(j), the record must unequivocally disclose that the third-party purchaser was not a party or nominee of a party to the litigation. *Town of Libertyville v. Moran*, 179 Ill. App. 3d 880, 886, 535 N.E.2d 82, 86 (1989). A partnership is a nominee of its individual partners and is not protected as a stranger to the litigation where one of its partners was a party to the litigation. *Illinois Housing Development Authority v. La Salle National Bank*, 139 Ill. App. 3d 985, 988, 487 N.E.2d 772, 775 (1985). The record establishes that David Joseph is a limited partner in GHSC Associates. He is also the president and only director of GHSC Development Co., Inc., which is the general partner of GHSC Associates. Therefore, for the purposes of the instant analysis, we consider GHSC Associates to be David's nominee. Accordingly, we determine that this appeal is not moot and we proceed to defendants' contention of error.

■ Defendants argue that the trial judge erred when he applied the manifest weight of the evidence standard to the majority report of the commissioners. The standard by which the trial court is to consider the commissioners' report is a question of law subject to *de novo* review. See *Roubik v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 285 Ill. App. 3d 217, 219, 674 N.E.2d 35, 36 (1996).

■ Section 17—108 of the Code directs the commissioners to "make partition" of the premises "if the same are susceptible of division without manifest prejudice to the rights of the parties." 735 ILCS 5/17—108 (West 1998). Section 17—109 requires the commissioners to report to the court in writing what they have done. 735 ILCS 5/17—109 (West 1998). Section 17—116 provides that when the premises cannot be divided without manifest prejudice to the owners, and the commissioners so report, the court shall order the premises not susceptible of division to be sold at public sale. 735 ILCS 5/17—116 (West 1998).

No specific legislative directive is given as to the manner in which an aggrieved party's challenge to the commissioners' report is to proceed or as to the level of deference a trial court should give to the report when a challenge is made. Our examination into these issues begins with an examination of relevant case law and the operative statutes.

■ Our supreme court long ago noted that the circuit court has

"superintending power over the [partition] proceedings, and a legal discretion to approve or disapprove of [the report]." *Riggs v Dickinson*, 3 Ill. (2 Scam.) 437, 439 (1840). In addition, section 17—110 of the Code provides that the commissioners shall at all times be subject to the direction of the court. 735 ILCS 5/17—110 (West 1998). Therefore, it is clear that the report of the commissioners is subject to some level of judicial review. It is also well established that the burden is upon those objecting to the report to support their objections. *Miller v. Lanning*, 211 Ill. 620, 71 N.E. 1115 (1904).

■ Less well established, however, is the nature of that burden and the weight to be afforded to the commissioners' report when it is challenged. Our supreme court last addressed this issue nearly 75 years ago, stating that "[t]he commissioners are vested with a large discretion, and their report, unless manifestly irregular or wanting in equitable distribution, will not be disturbed." *Crawford v. Hurst*, 316 Ill. 215, 218, 147 N.E. 126, 127 (1925). However, the court did not define the term "manifestly irregular," and Illinois case law presents us with no precedent equating the term "manifestly irregular" with the "manifest weight of the evidence" standard applied by the trial court in the instant cause. Moreover, we note that in *Crawford* the commissioners divided the property and the issue was the fairness of the division. Conversely, in the instant case, the majority report of the commissioners concluded that the property could not be divided without manifest prejudice to the rights of the parties. Therefore, the issue under review in the instant cause is unlike the issue presented in *Crawford*.

■ Where the legislature has intended for quasi-judicial findings to be binding, it has expressly stated that intention. For example, in section 9 of the Fence Act (765 ILCS 130/9 (West 1998)), the legislature has expressly provided that the decision of any two fence viewers shall be final upon the parties to such a dispute. Another example can be found in section 3—110 of the Administrative Review Act, which states that "[t]he findings and conclusions of the administrative agency on questions of fact shall be held to be prima facie true and correct." 735 ILCS 5/3—110 (West 1998). However as previously noted, the legislature has not, in the case of partition, prescribed the weight to be given to the report of the commissioners when it is challenged.

We find a prior decision of this court in a partition action based on similar facts to be instructive. In *Wright v. Wright*, 131 Ill. App. 3d 46, 475 N.E.2d 556 (1985), the commissioners' report, like here, concluded that a partition in kind could not be accomplished without manifest prejudice to all the owners. Objections were filed and the court conducted a hearing. The trial judge overruled the objections, indicat-

ing in a memorandum that he had considered the question of a partition in kind, with an award of owelty, as requested by the objectors, but that he did not believe such action was warranted by the circumstances presented. *Wright,* 131 Ill. App. 3d at 49, 475 N.E.2d at 559. We affirmed, stating that "it is the [trial] court, sitting in equity in partition cases, which has the power to order a partition in kind, with owelty, and not the commissioners. The decision in such matters is within the trial court's discretion." *Wright,* 131 Ill. App. 3d at 50, 475 N.E.2d at 559.

We conclude that the trial judge in the instant cause erred when he applied the manifest weight of the evidence standard to the majority report. In so doing, he made an improper delegation of judicial discretion. Therefore, the judgment rendered by the court cannot stand.

## CONCLUSION

For the foregoing reasons, we reverse the judgment of the circuit court of Tazewell County and remand for a new hearing on defendants' objections to the commissioners' majority report.

Reversed and remanded with directions.

HOLDRIDGE, P.J., and KOEHLER, J., concur.